**UNITED STATES of America,**
**Libelant,**

v.

**ONE 1954 MODEL FORD VICTORIA AUTOMOBILE, MOTOR NO. U4NV 153435, and Henry Vann Company, Inc., Intervenor-Claimant.**

### Civ. No. 441.

United States District Court
E. D. North Carolina,
Fayetteville, Division.

Oct. 30, 1955.

810

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for libelant.

Butler & Butler, Clinton, N. C., J. R. Barefoot, Benson, N. C., for intervenor-claimant.

GILLIAM, District Judge.

This cause came on to be heard before the undersigned United States District Judge at Fayetteville, North Carolina, on September 21, 1955, upon the Libel of Information filed herein on April 8, 1955, and the petition for mitigation of forfeiture filed by the Henry Vann Company, Inc., of Clinton, North Carolina, intervenor-claimant, on May 9, 1955.

We find from the evidence produced at the above mentioned hearing the following sequence of events and circumstances leading up to the claimant's plea for a mitigation of the forfeiture: Therio

Barefoot is a notorious bootlegger of Johnston County, North Carolina. His reputation with state and federal enforcement officers could hardly be worse. His record for violation of the state and federal liquor laws goes back to 1929. His habitual offenses are common knowledge in the rural area where he lives, and in surrounding communities.

In August, 1954, Therio purchased the Ford Victoria that is the subject of this suit. Title was taken in the name of his sixteen-year-old daughter, who admittedly has no record or reputation for liquor law violations. Neither did she at the time have a driver's license or any source of income. To secure the purchase price of the car, a title retention note was executed to the First-Citizens Bank and Trust Company of Benson, North Carolina. Therio managed the entire transaction, both the purchase and the financing. He signed the note as endorser, and he also made the payments.

■ The relationship of the parties, the Bank's past dealings with Therio, the attendant circumstances taken as a whole—all point to the conclusion that the Bank knew or was purposely blind in refusing to see that Therio was the true purchaser of the automobile and that his daughter was only a straw retainer of an empty title. The facts are clearly distinguishable from those of United States v. One 1936 Model Ford V–8 DeLuxe Coach, 307 U.S. 219, 59 S. Ct. 861, 83 L.Ed. 1249, and the cases following that decision. Neither the Bank nor the seller could have in good faith escaped the obvious fact that the notorious violator, and not his innocent daughter, was the true purchaser of the car in question. Therefore, the Bank is bound by the unfavorable report it would have received to the statutory inquiry about Therio's record and reputation. No inquiry was made. Indeed we may surmise that the character of the true purchaser was known to his banker without the need of inquiry. Cf. United States v. One Studebaker Coupe, 1940 Model, D.C., 39 F.Supp. 250.

Officers testified that during the months that followed they frequently saw the car being driven in Benson and the surrounding countryside by Sherwood Barefoot, the eighteen-year-old son of Therio. Sherwood, or "Little Dick" as he is commonly called, also has a record and reputation for whiskey. He was first convicted in this court in 1953.

■ On December 13, 1954, Little Dick and one Leroy Joyner were apprehended in Benson. They were attempting to remove from the car eleven one-half gallon jars of non-taxpaid whiskey. We conclude that the car was being used in violation of the Internal Revenue Code, § 7301, 26 U.S.C.A. § 7301, which reads as follows: "Any property (including aircraft, vehicles, vessels, or draft animals) used to transport or for the deposit or concealment of property described in subsection (a) or (b) may also be seized, and shall be forfeited to the United States."

The officers parked the offending car outside the police station and booked the boys. They were released on bond in a short while, but an officer retained the keys to the car. A few minutes after the boys left the station the car was stolen. The theft was reported to the North Carolina State Highway Patrol.

The car remained out of sight until February 14, 1955, when Therio Barefoot brought it to the place of business of the claimant, Henry Vann Company. Therio and his wife arranged with the claimant's agent to "trade even" for a new Ford pickup truck. The daughter did not accompany her parents when they went to trade "her" car. The Henry Vann Company salesman went with Therio and his wife to their home where the daughter, at her father's direction, signed the necessary papers to transfer the registration of the car. Then Therio and the salesman went to the First-Citizens Bank and Trust Company. There the Henry Vann Company by its agent executed to Mrs. Therio Barefoot title to the new truck subject to a conditional sale contract. This contract was as-

signed to the Bank. In exchange, the claimant received from the Bank assignment of the conditional sale note that the Bank held on the libeled car.

In March, federal officers traced the car to the claimant and seized it there. The claimant now seeks remission or mitigation of the forfeiture under the provisions of 18 U.S.C.A. § 3617.

 The first prerequisite to relief under the statute set out above is that the claimant have "an interest" in the vehicle that is subject to libel. It is clear upon the authority of United States v. 1960 Bags of Coffee, 8 Cranch 398, 3 L.Ed. 602, that Vann Company did not acquire any title against the Government by the purchase of Therio Barefoot's equity in the libeled car. The forfeiture took place so as to transfer title to the Government when the offense occurred. The question is what interest, if any, did the claimant acquire by the assignment to it after the offense of a security interest which was outstanding before the offense?

The Internal Revenue Code, Sec. 7302, 26 U.S.C.A. § 7302, says that "it shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and *no property rights shall exist in any such property.* * * *"" (Emphasis added.) The only interest which the assignor had when the transfer was made was its expectancy arising under the remission statute. That was an expectancy for remission or mitigation contingent upon a satisfactory showing that the statutory conditions precedent had been complied with and contingent upon exercise of this Court's discretion, assuming the conditions were met. Thus it is seen that what the assignor purported to assign to the claimant-assignee was not a legal interest, but merely a hope that he might be able to recover from the Government.

 The assignor's hope was based on Title 18 U.S.C.A. § 3617, above mentioned. The conditions of the section consist of highly subjective standards for the claimant to meet before remission may be considered by the Court. The import of these provisions strongly suggests to us that their benefit is personal to the party who originally finds himself in the unfortunate position to need it. It is he who must prove himself innocent of putting his property in the hands of wrongdoers knowing that they were wrongdoers. The Bank's hope was not assignable. We therefore expressly hold that the Bank's purported assignment to the claimant, Henry Vann Company, vested no interest in the claimant. The claimant has failed to meet the first condition precedent to mitigation of the forfeiture.

As an alternative ground for denying mitigation we hold that the Bank's original acquisition of the mortgage on the car was not made in good faith or without reason to believe that the vehicle would be used in violation of laws relating to liquor.

It is, therefore, ordered, adjudged and decreed that the said 1954 Ford Victoria, Motor No. U4NV 153435, be, and the same is hereby condemned as forfeited to the United States of America and that Henry Vann Company, Inc., is not entitled to remission of forfeiture.

It is further ordered that the United States Marshal for the Eastern District of North Carolina be authorized and empowered, and he is hereby directed, to deliver said motor vehicle to the Regional Commissioner of Internal Revenue, Treasury Department, Atlanta, Georgia, or his authorized representative, upon payment by said Regional Commissioner of the storage charges incurred on said motor vehicle.