**UNITED STATES of America,**
**Appellant,**

**v.**

**ONE 1955 MODEL BUICK 4-DOOR SEDAN AUTOMOBILE, Motor No. V-7389237, and General Motors Acceptance Corporation, Claimant, Appellees.**

**No. 7283.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 19, 1956.

Decided Jan. 7, 1957.

Julian T. Gaskill, U. S. Atty., Goldsboro, N. C., for appellant.

Charles H. Young, Raleigh, N. C. (J. C. Moore and B. T. Henderson, II, Raleigh, N. C., on brief), for appellees.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and CHESNUT, District Judge.

CHESNUT, District Judge.

On December 10, 1955 a 1955 model Buick four-door sedan automobile was seized by federal officers in Halifax County, North Carolina, while it was engaged in the illegal transportation of a large quantity of liquor. On December 30, 1955, the United States filed a proceeding in rem in the District Court for the Eastern District of North Carolina, to condemn and forfeit the automobile under 26 U.S.C.A. §§ 7301 and 7302. In due course thereafter forfeiture of the car was judicially determined and at the same time the owner and driver of the car, William H. Mer-

ritt, was tried, convicted and sentenced for violation of the internal revenue laws. In the civil proceeding in rem the General Motors Acceptance Corporation filed a petition for the remission of the forfeiture on the ground that it was a bona fide lien claimant of the car in an amount exceeding the appraised value. The District Judge granted the petition and remitted the forfeiture and ordered that the car be returned to the lien claimant. The United States has appealed. The facts of the case which are not in dispute are stated in a short memorandum opinion by the District Judge.

In September 1955 Merritt, then residing in Lackey, Virginia, purchased the Buick automobile from the Burford Buick Corporation of Hampton, Virginia. The sale was consummated by a conditional sales contract which was in usual course financed at the branch office of the claimant, the General Motors Acceptance Corporation, in Norfolk, Virginia, and the contract was assigned to it with an instalment note in the amount of $3,544.50 representing the balance of the purchase price. Before thus purchasing the contract and note, the lien claimant made no inquiry either in Hampton or Norfolk, Virginia, where it acquired its interest, nor in Lackey, Virginia, the stated residence of Merritt, the purchaser of the car. Merritt had no reputation or record in any of these three localities as a liquor law violator; but he did have such a record in Wake and Halifax Counties, North Carolina. In his memorandum opinion the District Judge said [141 F.Supp. 2]:

"The claimant is bound by the answers it would have received to inquiries made at the locality of Merritt's residence and at the locality where the claimant acquired its interest. The claimant was not burdened to make inquiry about Merritt many miles away in another state and counties not adjacent to the statutory localities of inquiry."

The lien claimant's petition for remission of the forfeiture was based on section 204 of the Liquor Law Repeal and Enforcement Act of 1935, now codified as 18 U.S.C.A. § 3617(b). As we have stated in many prior decisions, including Case No. 7277, United States v. One 1955 Model Ford, Wachovia Bank & Trust Co., 4 Cir., 241 F.2d 86. Claimant, very recently decided, one of the indispensable conditions which must be shown by the lien claimant in a case of this kind, as contained in § 3617(b) (3) is that the forfeiture may not be remitted *unless and until* the lien claimant shows that before acquiring his interest in the automobile he had made inquiry at the headquarters of the local or federal law enforcement offices in the locality where the automobile had been purchased and in the locality in which the purchaser resided, and had been *informed,* in answer to the inquiry, that the purchaser had no record or reputation for liquor law violation. As the claimant made no inquiry in the locality of the purchase of the car or in the locality of the residence of the purchaser, it is speculative only what information he would have received if the inquiry had been made. But as it appears that the purchaser had no bad record or reputation in these particular localities in Virginia it is inferable that if the inquiries had been made there the reply would have been negative.

It is the contention of the claimant in this case and apparently the basis of the opinion of the District Judge in remitting the forfeiture, that the claimant was excused from the necessity of making inquiry in the localities prescribed by the statute because no detrimental information about the purchaser would have been so obtained; or, otherwise stated, the necessity of making the inquiry exists only where a bad record or reputation of the purchaser is known to the law enforcement officers in the particular locality where, by the terms of the statute, the inquiry must be made.

On the contrary the contention of the United States is that if at the time the claimant acquired its interest the purchaser had such a bad record or reputation elsewhere, the statute requires that the purchaser must have made the inquiry as specified by the statute and if he fails to do so he takes the risk not only of the existence of the bad reputation of the purchaser as known to enforcement officers in the particular locality where the statute specifies that the inquiry must be made, but also takes the risk of the purchaser's bad reputation elsewhere if existing at the time the claimant acquired its interest.

■ We agree with the appellant's contention. While it was not affirmatively shown that Merritt, the purchaser, had a bad reputation where the purchase was made in Virginia or in the Virginia county where he lived at the time, the statute provides that inquiry must have been made in the specified localities as a condition precedent to the remission of forfeiture. And we think is it important to note in reading section (b) (3) that while the second clause specifies in the alternative in what localities the inquiry must be made, the first clause of (b) (3) does not limit to any particular locality the existence of the place where the purchaser's bad record or reputation exists.

(The whole of § 3617(b) is set out in the margin).[1] In applying the language of the statute in particular cases it is also important to recall the legislative history of the statute so extensively reviewed in the opinion of Mr. Justice McReynolds of the Supreme Court in United States v. One 1936 Model Ford Coach, 307 U.S. 219, at pages 234–235, 59 S.Ct. 861, 83 L.Ed. 1249. The statute was a part of the Liquor Law Repeal and Enforcement Act of 1935. It was passed after much consideration by Congress not long after the repeal of national prohibition. Experience had shown that the automobile was an almost indispensable factor in large-scale bootlegging of liquor. In attempting to check internal revenue violations Congress recognized that the bootlegging hazard was a real evil. Prior to the statute remission of forfeiture of an automobile seized for violation of the liquor laws could be made only administratively. It was thought by Congress that jurisdiction with respect to the remission of forfeitures should be transferred to the courts. At the same time the financing of the instalment purchases of automobiles by finance companies, as in the present case, was well known practice. In order to check illegal practices and at the same time not seriously disturb current methods of financing the purchase of automobiles, Congress

---

1. "§ 3617 Remission or mitigation of forfeiture under liquor laws;

    \*    \*    \*    \*    \*

"(b) Conditions precedent to remission or mitigation

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to

liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation. \* \* \* "

enacted § 3617 by imposing on corporations financing automobile instalment purchases, the obligation to obtain available official information that the purchasers of the automobiles which they financed were not likely to be engaged in liquor law violations. The specific requirement of the statute which Congress thought would accomplish this dual purpose was the obligation imposed upon the finance companies to make the required inquiry if they wished to protect their security in the event that the purchaser violated the law; and if they failed to comply with the simple and not onerous requirement of the statute they took the risk of losing their security.

We have heretofore sustained in principle the government's contention with respect to the proper application of § 3617(b) (3), in United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300, 303, opinion by Judge Dobie. In that case we held that the District Judge was not authorized to remit an automobile forfeiture on the facts there presented. The automobile was purchased and financed in Sampson County, North Carolina, at a time when the purchaser resided in Johnston County, N. C. He had no bad record either in Sampson or Johnston Counties although there was some evidence by one or more law enforcement officers of Johnston County that they knew of his bad reputation. He had a definite record of convictions for liquor law violations and a bad reputation in Harnett County (apparently adjoining Johnston County), where he had previously resided. In that case the lien claimant contended that because there was no proof of the purchaser's bad reputation in Sampson County where the purchase had been made and no record in Johnston County where the purchaser resided, the claimant was not obliged under the statute to make the inquiry. This court reversed the order granting the remission. The particular holding in the case was that the existence of the record in an adjoining County was sufficient to require making the inquiry in the localities required by statute and the failure to do so showed non-compliance with the statute. In the opinion it was said: "Little is to be gained by attempting a nicety in the spatial element of a record, because of which the duty to inquire arises; the important thing is that finance companies should recognize the 'bootleg hazard' and the risk of non-performance of their duty if, in fact, a record or reputation exists. The company is completely protected if it inquires at certain alternative headquarters, in the locality in which the buyer resides or in which the company is making inquiries as to character or financial standing, and is there informed that the buyer has no such record or reputation."

Counsel for the appellee cite four cases from other circuits in support of the claimant's contention that a failure to make the inquiry does not entail any consequence if there was no adverse information of the record or reputation of the purchaser among law enforcement officers of the locality specified in subsection (3), and therefore the existence of a bad record or reputation of the purchaser at the time of claimant's acquisition of interest in the car elsewhere than in those localities is immaterial and does not present any obstacle to the remission of the forfeiture. The cases cited are—United States v. One 1939 Model Desoto Coupe, 10 Cir., 1941, 119 F.2d 516; Manufacturers Acceptance Corp. v. United States, 6 Cir., 1951, 193 F.2d 622; City Nat. Bank & Trust Co. v. United States, 8 Cir., 1947, 163 F.2d 820; Aetna Finance Co. Inc., v. United States, 10 Cir., 1951, 191 F.2d 63. We have examined all these cases with care. While there are expressions in the opinions in some of them which tend to support the contention, we do no find that any of them clearly dealt with the precise situation that we have in the instant case which is (1) no inquiry was made by the claimant anywhere; (2) that no bad record or reputation existed at the time in the particular localities specified for

94

the inquiry but that (3) at the time a bad record and reputation did exist in an adjoining State. In the first of these cases no inquiry was made before acquisition of interest of the claimant in the specified locality of any of the several federal or state enforcement officers; if it had been made to state officers the reply would have been negative but if made to federal officers it would have been positive. Remission of forfeiture was denied to the claimant. In the second case the remission was allowed because on the facts it was held that the inquiry made was sufficient. In the third case, where the District Judge had refused remission because the claimant had made no inquiry but the government had failed to prove the existence of bad reputation, the case was remanded for further evidence. In the fourth case the trial judge had refused remission which was sustained on appeal as not an abuse of discretion on particular facts apparently deemed sufficient to show absence of proper inquiry and existence of bad reputation.

We are not unmindful, as has been stated in many previous decisions of this court dealing with section 3617, that it is a remedial statute and to be liberally construed, and also that in its application the trial judge has a judicial discretion in granting or denying remission. In the instant case the evidence sufficiently shows that the lien claimant complied with the first and second of the prescribed conditions of section 3617, but for the reasons above indicated it failed to comply with the third requirement of the section. We accordingly hold that where the claimant has made no inquiry anywhere before acquiring his interest and where at the time the purchaser of the automobile had a bad record and reputation for liquor violations in an adjoining State though not in the locality where the purchase was made or where he resided, the statute does not authorize the District Judge to remit the forfeiture. It results that the order appealed from must be

Reversed.