**FLORIDA DEALERS AND GROWERS BANK and Amy E. Moon, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 17821.**

United States Court of Appeals
Fifth Circuit.

June 10, 1960.

Marion R. Shepard, Jacksonville, Fla., C. Edward Hansell, Atlanta, Ga., John M. McNatt, William S. Walker, Jacksonville, Fla., for appellants.

Edith House, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This appeal is from an order entered in a forfeiture proceeding brought under 26 U.S.C. § 7302,[1] declaring an automobile forfeit and denying claims of the appellants, the purchaser and the holder of a chattel mortgage on the automobile, for remission of the forfeiture.[2] The ground stated for the issuance of the order was that, since petitioners acquired

**1.** 26 U.S.C.A. § 7302 provides:

"It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property * * *."

**2.** 18 U.S.C.A. § 3617 provides:

"§ 3617. Remission or mitigation of forfeitures under liquor laws; possession pending trial—(a) jurisdiction of court

"Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have

exclusive jurisdiction to remit or mitigate the forfeiture. (b) Conditions precedent to remission or mitigation—

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the

their interests after the date of the illegal use and after title to the automobile had vested in the United States as of the time of the commission of the illegal acts, petitioners had not acquired any interest in the automobile as owners or otherwise, and the court had no discretion to remit or mitigate the forfeiture.

The facts are admitted. On May 4, 1958, William R. Parmenter was the owner of a 1958 Lincoln two-door sedan. Parmenter has a long record and a reputation for violating the liquor laws. Cf. Parmenter et al. v. United States, 5 Cir., 279 F.2d 151. Between May 4, 1958 and June 2, 1958, he used the automobile in violation of provisions of the Internal Revenue Code relating to liquor.[3] On July 15, 1958, Parmenter executed a bill of sale for the Lincoln to appellant, Amy E. Moon, for $4,100, indorsed the Florida title certificate to her, and delivered the car to her. On the same day, the Florida Dealers and Growers Bank lent Mrs. Moon $3,000 secured by a chattel mortgage on the Lincoln. Before making the loan, the Bank asked the Credit Bureau of Jacksonville, Florida, about Mrs. Moon's reputation and was informed that she had no record or reputation for violating liquor laws.

September 12, 1958, the Treasury Department seized the automobile on Parmenter's premises. November 6, 1958, the United States filed a libel of information praying for forfeiture of the Lincoln. The Bank and Mrs. Moon filed separate petitions for remission or mitigation of the forfeiture. On libellant's motion for a summary judgment and on concessions made by the libellant "for the purposes of the summary judgment,"[4] the district judge entered a judgment ordering forfeiture of the automobile and denied both petitions for remission or mitigation.[5]

## I.

The lower court relied on Weathersbee v. United States, 4 Cir., 1958, 263 F.2d 324; United States v. One 1954 Model Ford, D.C.E.D.N.C.1955, 135 F.Supp. 809; United States v. 1960 Bags of Coffee, 1814, 8 Cranch 398, 12 U.S. 398, 3 L.Ed. 602; In re Henderson's Distilled Spirits, 1872, 14 Wall. 44, 81 U.S. 44, 20 L.Ed. 815; Grogan v. United States, 5 Cir., 1958, 261 F.2d 86. With one exception these cases dealt with an opposition to forfeiture, not a petition for remission, as in this proceeding. Remission, however, presupposes forfeiture and as-

United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

3. The libel of information of the United States alleges that the automobile was used in carrying on the business of a wholesale dealer in liquors without the dealer having paid the tax imposed under

Section 5111(a), Internal Revenue Code of 1954, 26 U.S.C.A. § 5111(a); that on several occasions the automobile was used for transporting distilled spirits on which the Internal Revenue taxes had not been paid.

4. For purposes of its motion for a summary judgment the government admitted that Mrs. Moon was not required to make the inquiries set forth in 18 U.S.C.A. § 3617(b). The government also admitted that the Bank made proper inquiries as to Mrs. Moon's record and reputation.

5. The district court found: " * * * because of said violations Amy E. Moon acquired 'no interest', as contemplated by 18 U.S.C.A. Section 3617(b), in said vehicle when she allegedly purchased same from William R. Parmenter on or about July 15, 1958, and a fortiori, she had no interest in said vehicle on which she could give a lien to the petitioner, Florida Dealers and Growers Bank, to secure the loan made to her by said bank on July 15, 1958. By reason thereof, the Court finds it has no discretion to remit or mitigate the forfeiture."

sumes title in the Government. The only question for our decision, therefore, is whether in respect of the claims for remission the case was correctly tried and correctly decided below. For the reasons hereafter stated, we do not think so.

## II.

The forfeiture statute takes effect immediately upon the commission of the illegal act. At that moment the right to the property vests in the United States, and when forfeiture is sought, the condemnation when obtained relates back to that time, and avoids all intermediate sales and alienations, even as to purchasers in good faith. United States v. Stowell, 1890, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555. In a number of cases, therefore, courts have dismissed oppositions to forfeiture on the ground that the claimant acquired his interest after the illegal use. United States v. Stowell, supra; Wingo v. United States, 5 Cir., 1959, 266 F.2d 421; Weathersbee v. United States, 4 Cir., 1958, 263 F.2d 324.

■ Since no attack is made here upon the judgment of forfeiture but merely upon the order on the claims for remission, these cases are without significance here. For, although the government's right to forfeiture under 26 U.S.C.A. § 7302 and a claimant's right to ask the court for remission under 18 U.S.C.A. § 3617 are closely tied together, different principles and different considerations apply to each.[6] The primary purpose of the forfeiture statute is to protect the revenue. The primary purpose of the remission statute is to relieve innocent persons whose property has been seized.[7] Both statutes however must

6. Before the adoption of the remission and mitigation statute, Liquor Law Repeal and Enforcement Act of August 27, 1935, c. 740, Section 204, 49 Stat. 878, courts had power to decree only a forfeiture of any vehicle or aircraft used in violation of internal revenue laws. Remission or mitigation were dependent upon administrative action. H.R.Rep. No. 1601, p. 6, 74th Cong., 1st Sess., 1935. For additional background see United States v. One 1936 Model Ford, 1939, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249.

7. The distinction between opposition to forfeiture and a petition for remission or mitigation appears in several cases involving the troubles of Anthony De-Bonis and his Plymouth coupe. Between October 1, 1947 and February 12, 1958, Rocco DeBonis used his Plymouth to haul supplies of illegal whiskey. His daughter was owner of the car at that time or, at any rate, the title was in her name. In April 1948 she sold the car to her brother, Anthony DeBonis. May 19, 1948, officers found the car in Anthony's yard and seized it without a warrant. Forfeiture proceedings were instituted. Anthony resisted the forfeiture on the grounds that the seizure was unlawful and destroyed the government's right to forfeiture. He did not seek remission or mitigation. In declaring the car forfeited, the court pointed out: "The appropriate procedure for the determination of the claim of Anthony DeBonis is provided in 18 U.S.C.A. Section 3617. If a petition is filed for the remission of the forfeiture which is to be entered, the Government and the claimant will then have a full and complete opportunity to establish all facts and circumstances which will have any relevancy in determining whether Amelia Theresa [the daughter] knew or should have known the use to which the vehicle had been made by Rocco DeBonis, and whether Anthony DeBonis was a purchaser in good faith and knew or should have known the use to which the car had been given by Rocco DeBonis." United States v. Plymouth Coupe, D.C.W.D.Pa.1950, 88 F.Supp. 93. This is a clear recognition that a claimant acquiring an interest in an automobile after its illegal use may be entitled to remission if in good faith. Anthony appealed from the judgment of forfeiture instead of heeding the court's advice to seek remission. The Third Circuit held that the illegal seizure destroyed the government's right to forfeiture. United States v. Plymouth Coupe, 3 Cir., 1950, 182 F.2d 180. Anthony, stimulated by his success in recovering the car, decided to sue under the Tort Claims Act. He lost the suit, but the court stated in a footnote: "Plaintiff, as an innocent and bona fide purchaser of this vehicle, might have regained possession and title as a matter of grace by applying to the Court for remission of forfeiture under Section 3617, 18 U.S.C.A." DeBonis v. United States, D.C.W.D.Pa.1952, 103 F.Supp. 123, 127.

be construed as far as possible so as to give effect to the purpose of each without sacrificing either.

■■ The pertinent part of 18 U.S. C.A. § 3617 provides:

"Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"*(b) Conditions precedent to remission or mitigation*

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor * * * * "

As we read it, this language may include an interest acquired by an innocent person after illegal use. The words *was being* in Section 3617(b) (2) import some prior or present illegal use. If illegal use automatically destroyed all subsequent rights to mitigation of forfeiture, as the Government contends, it would be useless in a forfeiture proceeding for a claimant to prove he had no knowledge or reason to believe that the car *was being* illegally used. Such a construction would render that portion of the statute meaningless. It would go a long way toward defeating the purpose of the statute, for it would protect only those claimants who acquired their interest before the illegal use. This would allow the government to wait at its own pleasure and, perhaps long after the illegal use, seize and libel a vehicle thereby depriving any number of subsequent good faith vendees, mortgagees, or

assignees of conditional sales contracts of the opportunity to petition for remission of forfeiture. We cannot accept such an interpretation.

■ In a forfeiture proceeding it is the property that is proceeded against. The vehicle is held guilty as if it were a sentient being. Various Items of Personal Property v. United States, 1931, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558. Under the doctrine of relation back, the illegal use of the automobile vests title in the Government from the time of the vehicle's commission of the crime and cuts off all "property rights" of others in the automobile. By its nature, the remission statute assumes the validity of the forfeiture but also assumes that outstanding interests in property and bona fide claims to property are not snuffed out by the car's guilt. They continue viable, at least to the extent of permitting innocent persons to ask that the sovereign temper the strictness of the rule of forfeiture when there are equitable grounds for relief.

■ In short, we recognize the full effect of the forfeiture for the purpose of vesting title in the United States. Indeed the validity of the forfeiture is not at issue in this case. What is of substance and at issue here is whether under the real, as opposed to the assumed, facts of this case, the claimants have such interest in the forfeited property as to permit the district judge to consider whether, in the exercise of a sound discretion, he should or should not grant remission of the forfeiture under 18 U. S.C.A. § 3617. Good conscience and equity are the controlling considerations with the judge in acting under it. Beaudry v. United States, 5 Cir., 106 F.2d 987; United States v. Frank Graham Co., 5 Cir., 199 F.2d 499; United States v. One 1955 Model Buick, 4 Cir., 241 F. 2d 90; United States v. One 1936 Model Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249. Because of the circumstances relating to Parmenter and his original and continuing connection with the car, and because remission should be based only upon a real and not a supposititious

678

equity (see United States v. One 1936 Model Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 and cases cited above), we hold that the case was incorrectly tried below by summary judgment on facts not established but merely assumed for the purpose of the summary judgment. We therefore reverse the judgment with directions to try the case on the facts as they are, to determine whether, under the Remission Act, the claims of one or both of the appellants qualify them for the consideration of their petition for remission, and if it is determined that they do, for further proceedings under the informed discretion of the district judge to decide whether remission should or should not be granted.