**UNITED STATES of America,
Libelant,**

**v.**

**ONE 1957 FORD TUDOR SEDAN, Serial No. A7BG141704, Respondent.**

**No. 1063.**

United States District Court
S. D. West Virginia,
at Huntington.

Sept. 28, 1961.

---

Duncan W. Daugherty, U. S. Atty., and Ned O. Heinish, Asst. U. S. Atty., Huntington, W. Va., for libelant.

C. Robert Schaub, Jenkins & Jenkins, Huntington, W. Va., for intervenor.

HARRY E. WATKINS, District Judge.

This is a libel of the United States in which it is alleged that one 1957 Ford Tudor Sedan was used for the deposit and concealment of non-tax paid whiskey in violation of sections 7301 and 7302 of the Internal Revenue Code of 1954, 26 U.S. C.A. §§ 7301, 7302. The prayer is for condemnation of the car by decree of forfeiture. The intervenor, National Realty Co., Inc., doing business as McGuire Motor Sales opposes the petition and seeks possession of the auto by virtue of a conditional sales contract which it holds thereon.

This cause having come on to be heard before the Court without a jury on the 28th day of September, 1961, and the Court having considered all the evidence does now find and hold as follows:

Findings of Fact.

1. The automobile in question was sold by National Realty Co., Inc., doing business as McGuire Motor Sales to Blanche Pippens in Stollings, Logan County, West Virginia, on July 16, 1960, under a conditional sales contract by which title was retained by the seller.

2. On November 22, 1960, on West Virginia State Route 80, approximately one mile south of Man, in Logan County, in the Southern Judicial District of West Virginia, investigators of the Alcohol and Tobacco Tax Division seized the auto as it was being used by persons other than Blanche Pippens for the deposit and concealment of non-tax paid whiskey.

3. On July 16, 1960, Blanche Pippens had never been arrested and had no criminal or arrest record whatsoever for liquor or any other violation of law and had no bad reputation in Logan County, West Virginia, or elsewhere for violations of the liquor laws or any other laws. The only evidence the government offered was through the investigator-in-charge of the Huntington office of the Alcohol and Tobacco Tax Unit, which office is located approximately 70 miles from Stollings, West Virginia. He stated that prior to July 16, 1960, he had received information from his predecessor and from a confidential informant that Blanche Pippens was in the wholesale liquor business. The government made no effort to show the general reputation in Logan County or elsewhere of Blanche Pippens or to show that such general reputation conformed to the confidential information and suspicion of the Huntington authorities.

4. Before selling the automobile to Blanche Pippens upon conditional sales contract, the seller made inquiry of Credit

Information Service, an investigation agency in Logan County, West Virginia, as to any record or bad reputation as to liquor violations, and such inquiry was answered in the negative. Such agency was generally employed by automobile dealers, business men, and finance companies for such purposes as were here involved.

### Conclusions of Law.

1. In Reference to 18 U.S.C. § 3617(b), it is the record and reputation of Blanche Pippens at the time of the sale (July 16, 1960) that is germane.

2. The inquiries required by 18 U.S.C. § 3617(b) (3) as conditions precedent to remission or mitigation need not be made unless the buyer of the automobile has in fact "a record or reputation" somewhere as a violator of the liquor laws. United States v. One 1955 Model Buick, 4 Cir., 1957, 241 F.2d 90. This is true because under such circumstances such inquiry would be futile.

3. Here it is admitted that nowhere did Blanche Pippens have a " *  * record or reputation for violating laws of the United States or of any State relating to liquor  *  * *" or relating to any other laws for that matter. The information and suspicion held confidentially by the Huntington authorities is not a reputation within the meaning of the statute.

"The statute means  *  * * reputation in the usual sense, a prevalent or common belief, a general name, the opinion of a number of persons, a more or less extended and public attribution of the crime, likely to be spread about so as to reach the seller." L. Hand in United States v. C. I. T. Corp., 2 Cir., 1937, 93 F.2d 469, 471; See also United States v. One 1957 Chevrolet, D.C.N.D.E.D. Ohio 1957, 158 F.Supp. 212.

4. The petition of the United States for condemnation by decree of forfeiture is denied. It is the order of this Court that the automobile in question be delivered to the intervenor, National Realty, Inc.