**UNITED STATES of America**

v.

**ONE 1969 CHRYSLER NEWPORT 2-DOOR, IDENTIFICATION NO. CE23G9F161767,**

and

**Atlantic Acceptance Corporation, Intervening Claimant.**

**No. C–84–S–71.**

United States District Court,
M. D. North Carolina,
Salisbury Division.

June 10, 1971.

William L. Osteen, U. S. Atty., for the Government.

Arthur J. Donaldson, Salisbury, N. C., for Claimant.

## MEMORANDUM OPINION

EDWIN M. STANLEY, Chief Judge.

This is a libel for forfeiture of an automobile by reason of an alleged violation of the Internal Revenue laws of the United States relating to distilled spirits. Atlantic Acceptance Corporation has intervened, claiming an interest in the automobile by virtue of a lien thereon. The registered owner of the automobile, William F. Heitman, has not answered.

The matter came on for trial before the Court without a jury. The parties stipulated most of the material facts, except the reputation of Heitman, the registered owner, for dealing in nontaxpaid distilled spirits at the time the claimant acquired its lien. After considering the pleadings, stipulations filed, oral testimony, and briefs and arguments of counsel, the following facts are found:

1. On February 15, 1971, William F. Heitman was a citizen and resident of Davidson County, North Carolina, and continued to reside there until after March 5, 1971.

2. On February 15, 1971, Heitman purchased a 1969 Chrysler Newport, 2-Door, Identification No. CE23G9F161767. On the same date, Heitman financed $2,112.00 of the purchase price with the claimant, Atlantic Acceptance Corporation, and a promissory note and lien was executed and delivered by Heitman to the Atlantic Acceptance Corporation to secure said indebtedness. The Atlantic Acceptance Corporation operates its business in Rowan County, North Carolina, and the financing transaction took place in that County.

3. The financing agreement and lien was properly executed, and there is presently an outstanding balance of $1,543.24 due and payable thereunder. Claimant acquired its lien in good faith, and without knowledge of Heitman's record

or reputation with respect to nontaxpaid distilled spirits.

4. At the time the financing agreement was executed, the claimant made no inquiry with any law enforcement agency in either Rowan or Davidson County, North Carolina, or elsewhere, concerning the reputation or record of Heitman with respect to his engaging in illicit liquor activities.

5. On March 5, 1971, Heitman was apprehended while removing, concealing, possessing and transporting 12 gallons of nontaxpaid distilled spirits in said Chrysler automobile, in violation of 26 U.S.C. §§ 5601(a) (1) (12) and 5205(a) (2), and said Chrysler automobile was seized at that time by the agents of the Internal Revenue Service.

6. The fair market value of said Chrysler automobile on the date of its seizure was $2,450.00.

7. As a result of his arrest on March 5, 1971, and his subsequent indictment, Heitman entered a plea of guilty to the charges in the United States District Court for the Middle District of North Carolina, Salisbury Division, on May 20, 1971.

8. This forfeiture proceeding was commenced on April 11, 1971, and Heitman was duly served by certified mail on that date. The time for answer has long expired, and the lien of the claimant is the only claim that has been filed in this proceeding.

9. Beginning in July of 1970, and continuing through and including February 15, 1971, Heitman possessed a reputation for dealing in nontaxpaid distilled spirits on a large scale, which said reputation was known to agents of the Alcohol, Tobacco and Firearms Division of the Treasury Department. In addition to his reputation, the A.T.F. Agents had personal knowledge that Heitman had made a sale of nontaxpaid distilled spirits on February 4, 1971.

10. If the claimant had made inquiry of the Alcohol, Tobacco and Firearms Division of the Treasury Department, either in Salisbury or Charlotte, North Carolina, the reputation of Heitman, and information concerning the sale of nontaxpaid distilled spirits on February 4, 1971, would have been made known to the claimant.

11. An application has been duly filed herein by General Services Administration requesting that the 1969 Chrysler Newport automobile be turned over to the Regional Commissioner, Internal Revenue Service, Alcohol, Tobacco and Firearms Division, Atlanta, Georgia, in the event of forfeiture of said vehicle.

## DISCUSSION

The good faith of the claimant is insufficient to satisfy the requirements of 18 U.S.C. § 3617(b) (3). This section of the Code requires an inquiry by the financing company prior to the financing of the automobile in order for its lien to be protected.

In United States v. One 1955 Model Buick 4-Door Sedan Auto, 241 F.2d 90 (4 Cir. 1957), the Court stated:

"In order to check illegal practices and at the same time not seriously disturb current methods of financing the purchase of automobiles, Congress enacted § 3617 by imposing on corporations financing automobile instalment purchases, the obligation to obtain available official information that the purchasers of the automobiles which they financed were not likely to be engaged in liquor law violations. The specific requirement of the statute which Congress thought would accomplish this dual purpose was the obligation imposed upon the finance companies to make the required inquiry if they wished to protect their security in the event that the purchaser violated the law; and if they failed to comply with the simple and not onerous requirement of the statute they took the risk of losing their security."

It is stipulated that the claimant made no inquiry of any law enforcement officer with respect to the reputation of

Heitman for dealing in illicit liquor activities. The evidence is uncontradicted that Heitman possessed a bad reputation for dealing in illicit liquor for several months before the claimant acquired its lien. Not only did a reputation exist, but the A.T.F. Agents had personal knowledge that Heitman had actually made a sale of nontaxpaid distilled spirits on February 4, 1971.

It is concluded that the Chrysler automobile in question should be condemned and forfeited to the United States of America, and that the claimant is not entitled to a remission or mitigation of forfeiture.