**Yale SIMONS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 75–1597.**

United States Court of Appeals,
Ninth Circuit.

Sept. 3, 1976.

A. Alexander Katz, Phoenix, Ariz., for appellant.

James P. Loss, Asst. U.S. Atty., Phoenix, Ariz., for appellee.

Before HUFSTEDLER and GOODWIN, Circuit Judges, and KING,* District Judge.

GOODWIN, Circuit Judge:

The district court for the second time has denied relief from the forfeiture of an automobile used to transport a contraband firearm, and the person seeking relief has again appealed. *See Simons v. United States,* 497 F.2d 1046 (1974), for a more detailed statement of the background facts.

Upon remand, the pleadings were amended and Simons attempted to establish his right to relief upon various theories. The case turns upon the existence of Simons' property interest in the automobile on the date it was forfeited to the government.

On the date the government seized the automobile, Simons had no legal title or lien interest in the automobile. His position was that of a cosigner of a promissory note. His engagement was to pay the bank which had "financed" the automobile, if the primary obligor did not pay. The primary obligor, who was known by Simons and by the bank to be a former convict, could not obtain credit. As it turned out, the bank was prudent in demanding a cosigner.

After the automobile was seized, the purchaser stopped making payments, and the bank attempted to enforce its security interest in the automobile. The government, however, refused to release the automobile to the bank. The bank thereupon looked to Simons to perform the traditional service of the cosigner of a promissory note. Simons has been paying the bank and is now subrogated in part to the bank's security interest in the automobile.

Simons seeks judicial relief on the ground that his possible security interest in the automobile ripened into an equitable lien against the automobile as soon as he started

---

* The Honorable Samuel P. King, Chief Judge, United States District Court for the District of Hawaii, sitting by designation.

making payments to the bank. He claims that he was entitled to partial subrogation of the bank's lien to the extent that he made payments toward the balance of the debt. The government does not dispute Simons' theory of partial subrogation.

 On the date of the illegal transportation and the seizure of the car by the government, however, Simons had made no payments and had no claim of any interest in the automobile, legal or equitable. *See Mid-States Insurance Company v. American Fidelity and Casualty Company,* 234 F.2d 721 (9th Cir. 1956).

. The forfeiture statute takes effect immediately upon the commission of the illegal act. At that moment the right to the property vests in the United States, and when forfeiture is sought, the condemnation when obtained relates back to that time and avoids all intermediate sales and alienations, even as to purchasers in good faith. *United States v. Stowell,* 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890). In a number of cases, therefore, courts have dismissed oppositions to forfeiture on the ground that the claimant acquired his interest after the illegal use. *Florida Dealers and Growers Bank v. United States,* 279 F.2d 673 (5th Cir. 1960); *Wingo v. United States,* 266 F.2d 421 (5th Cir. 1959); *Weathersbee v. United States,* 263 F.2d 324 (4th Cir. 1958).

The vitality of *United States v. Stowell, supra,* was recognized by the Supreme Court as recently as *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 685, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

We conclude that Simons had no legal interest in the automobile at the time of the seizure and therefore he can not enforce against the government his after-acquired rights.

AFFIRMED.