UNITED STATES of America, Plaintiff,

v.

UNIT J–3 BEACHCOMBER
CONDOMINIUM, etc.,
et al., Defendants.

No. 87–8584–CIV.

United States District Court,
S.D. Florida.

Dec. 22, 1992.

Robert A. Rosenberg, Asst. U.S. Atty., Fort Lauderdale, FL, for plaintiff.

Julia Anne Wagner, Wagner, Nugent, Johnson, Roth, Kupfer & Rossin, P.A., West Palm Beach, FL, for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the Plaintiff's Motion for Order to Show Cause Regarding Removal of Property Taxes. On August 11, 1987, a civil action of forfeiture was filed by the United States against the defendant property pursuant to 21 U.S.C. § 881(a)(7). Two parties, Gary Ziomek and Gertrude Ziomek, filed claims of interest in the defendant property. Gary Ziomek was the sole titleholder of the property. However, Gertrude Ziomek claimed to be an equitable owner of the property, because she provided her son with a majority of the funds used to purchase the property.

On January 2, 1991, the Court entered a Final Order of Partial Summary Judgment, by which Gary Ziomek's interest in the property was forfeited to the United States. On July 25, 1991, the Court approved and adopted a Stipulation for Compromise Settlement regarding Gertrude Ziomek's claimed interest in the property. According to this stipulation, the property is to be sold by the United States Marshal, and the proceeds are to be divided equally between the United States and Gertrude Ziomek.

While arrangements were being made to market the defendant property, the parties discovered that the property is subject to certain tax encumbrances imposed by Palm Beach County for property taxes assessed during 1988 and 1989. The United States has now filed this motion requesting the Court to order Palm Beach County to show cause why these encumbrances should not be removed from property records. The Palm Beach County Tax Collector, in his response to this motion, argues that the encumbrances should remain on the defendant's property. The issue before the Court, therefore, is whether good cause

exists for the maintenance of these tax encumbrances on the defendant property. For the reasons stated below, the Court finds that it does not.

It is well established that property owned by the United States is immune from taxation by state and local authorities. *United States v. City of Detroit*, 355 U.S. 466, 469, 78 S.Ct. 474, 476, 2 L.Ed.2d 424 (1958); *United States v. Allegheny County*, 322 U.S. 174, 177, 64 S.Ct. 908, 911, 88 L.Ed. 1209 (1944). Under the relation back doctrine, which has been codified by the federal forfeiture statutes, title to forfeited property, although not perfected until the judgment of forfeiture has been entered, arises on the date of the offense giving rise to forfeiture. *Florida Dealers and Growers Bank v. United States*, 279 F.2d 673, 676 (5th Cir.1960); *United States v. One Single Family Residence*, 731 F.Supp. 1563, 1567 (S.D.Fla.1990). The offense giving rise to this forfeiture action occurred in March of 1987. Consequently, the United States acquired title to the property in March of 1987. Whereas the United States acquired title to the property in 1987, the federal government's tax immunity precludes attachment of local tax obligations to the property after that date.

Although he does not dispute that property owned by the United States is immune from taxation, the Palm Beach County Tax Collector argues that the defendant property is nevertheless subject to local property taxes. In support of this contention, he emphasizes the fact that Gertrude Ziomek is to receive one-half of the sale proceeds when this property is sold. According to the Tax Collector, this settlement reveals that Gertrude Ziomek retained a one-half interest in the property. Thus, he contends that this interest is subject to taxation. The Court disagrees.

This Court's Order of January 2, 1991 forfeited Gary Ziomek's interest in the defendant property to the United States. Since Gary Ziomek was the sole titleholder of the property, the United States in turn became the sole titleholder of the property. It is true that Gertrude Ziomek claimed some equitable interest in the property, and that she was awarded one-half of the sale proceeds in settlement of this claim. However, this does not change the fact that legal title to the defendant property has rested solely with the United States since March of 1987. Consequently, the property became immune from local taxation as of that date.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the plaintiff's Motion for Order to Show Cause Regarding Removal of Property Taxes is GRANTED. The Court finds that the Palm Beach County Tax Collector has not shown good cause why the tax encumbrances imposed against the defendant property should not be removed. Accordingly, the Palm Beach County Tax Collector, and/or any other Palm Beach County officials authorized to remove property tax encumbrances, are hereby ORDERED to remove the tax encumbrances imposed against the defendant property for property taxes assessed during 1988 and 1989.

DONE AND ORDERED.