UNITED STATES of America, Plaintiff,

v.

ONE (1) PARCEL OF LAND IN THE NAME OF EZEKIEL MIKELL, LOCATED IN JEFFERSON DAVIS COUNTY, MISSISSIPPI, Described as Follows: Parcel No. 1 Commence at the Northwest corner of the S ½ of NW ¼ of SW ¼ of Section 5, Township 8 North, Range 19 West, and run thence East a distance of 6 chains 26 links to the center of a certain road for a point of beginning; thence run in a Southerly direction along said road a distance of 3 chains 16 links; thence run West 3 chains 16 links; thence run North 3 chains 16 links to the North boundary of

said S ½ of NW ¼ of SW ¼, thence run East 3 chains 16 links to the point of beginning. Containing 1 acre, more or less, in the S ½ of NW ¼ of SW ¼ of Section 5, Township 8 North, Range 19 West, Defendant Property.

Civ. A. No. H91–0015(P)(N).

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Jan. 15, 1993.

Donald Waits, Biloxi, MS, for plaintiff.

John Anderson, Hattiesburg, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on Motion to Strike and for Summary Judgment filed on behalf of the Plaintiff. The Court, having reviewed the motion, the response, the briefs and the authorities cited, and being otherwise fully advised in the premises, finds that the Plaintiff's Motion for Summary Judgment should be granted, and finds specifically as follows, to-wit;

### FACTUAL BACKGROUND

This action, an *in rem*, judicial forfeiture action, was commenced on February 5, 1991, by the United States of America filing a Verified Complaint for Forfeiture against the defendant property. Attached to the verified complaint is the Declaration of Steve Monachello, which certifies and affirms the facts and circumstances supporting the requisite probable cause to justify the forfeiture of the defendant property.

After commencement of this action, the complaint was referred to United States Magistrate Judge John M. Roper, who, after reviewing the verified complaint and declaration, on February 21, 1991, entered an order finding "... that plaintiff has made a prima facie showing that it is entitled to the relief requested as it pertains to Parcel 1 only; and that probable cause exists to believe that Parcel 1 was used to facilitate the commis-

sion of a violation of Title 21, U.S.C. § 841(a), a crime punishable by more than one (1) year's imprisonment."

Pursuant to that order the defendant property was arrested by a Deputy United States Marshall on March 22, 1991. Simultaneously with the arrest, the Deputy Marshall personally served a copy of the complaint, order and warrant for the arrest of the property on Ezekiel Mikell. The notice informed the recipient that he had ten (10) days within which to file his claim and twenty days thereafter within which to file his answer. The notice was also published in the Clarion Ledger, a newspaper published and having general circulation in this District, on April 17, 18, 19, 24, 25, and 26, 1991.

THE CLAIM

On May 6, 1991, Ezekiel Mikell filed a document entitled "Claim to Property and or Notice of Claim to Property" along with his request for a jury trial. He filed his answer on May 24, 1991. The Assistant U.S. Attorney handling this case had agreed with counsel for Mikell that he had until at least May 6 to file his claim, and thus, the government is taking the position that the claim was timely filed. However, the government has filed this Motion for Summary Judgment alleging that Claimant has failed to rebut its showing of probable cause that Parcel 1 was used to facilitate the commission of a violation of Title 21 U.S.C. § 841(a), a crime punishable by more than one (1) year's imprisonment, and has been forfeited to the United States.

SUMMARY JUDGMENT

The government's burden of proof is the same for all forfeiture actions under section 881. *United States v. Lot 9, Block 2 of Donnybrook Place,* 919 F.2d 994, 997 (5th Cir.1990). *See also* 21 U.S.C. § 881(d). The government bears the initial burden of demonstrating probable cause to believe that the Ezekiel Mikell residence on Parcel 1 was used to facilitate the distribution or storing of illegal drugs. *See United States v. One 1986 Nissan Maxima GL,* 895 F.2d 1063 (5th Cir.1990).

Probable cause is a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion."

*United States v. One 1978 Chevrolet Impala,* 614 F.2d 983, 984 (5th Cir.1980) (per curiam). Probable cause can be established by circumstantial or hearsay evidence. *One 1986 Nissan Maxima GL,* 895 F.2d at 1065.

Once the government establishes probable cause, the burden shifts to the claimant to prove by a preponderance of the evidence that the defendant property was not used to facilitate the distribution or storing of illegal drugs. *See United States v. One 1980 Rolls Royce,* 905 F.2d 89, 90 (5th Cir.1990); and *One 1986 Nissan Maxima GL,* 895 F.2d at 1065. "If unrebutted, a showing of probable cause alone will support a forfeiture." *United States v. Little Al,* 712 F.2d 133, 136 (5th Cir.1983).

To effectively refute the government's proof, Mikell may not rest upon mere denials of the government's complaint and interrogatories but, "must set forth specific facts showing that there is a genuine issue for trial." *See* Fed.R.Civ.P. 56(e); and *United States v. Lot 9, Block 2 of Donnybrook Place,* 919 F.2d 994, 998 (5th Cir.1990).

Claimant Mikell has not attempted to refute the government's proof of probable cause that the defendant property was used to facilitate the distribution or storing of illegal drugs. Indeed, on March 21, 1990, Claimant pleaded and was found guilty of possession of 47 grams of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a), punishable by more than one year's imprisonment. This crime occurred on February 3, 1988, at the residence of Claimant located on Parcel 1 of the defendant property. Claimant has further admitted same during discovery.

CLAIMANT'S DEFENSE

Claimant's only defense advanced, and one not pleaded in his answer, is that the defendant property did not belong to him on February 3, 1988. He has offered proof that it was owned by his father and mother, Clancy and Ruth Mikell, at the time of the offense and was deeded to him by them for and in consideration of his "love and affection" for them, on May 7, 1988. The government does not refute this proof.

■ Claimant's position, while being unique, is totally without merit. "A forfeiture proceeding is an action against the seized property, rather than the claimant, brought under the legal fiction that the property itself is guilty of facilitating the crime." *United States v. $38,570 in U.S. Currency,* 950 F.2d 1108, 1113 (5th Cir.1992), *quoting United States v. $38,000 in U.S. Currency,* 816 F.2d 1538, 1543 n. 12 (11th Cir.1987). The government is not required to show that the defendant property was owned by a drug trafficker at the time of the offense, but rather that it has a substantial connection to a drug transaction. *United States v. A Single Family Residence,* 803 F.2d 625, 629 (11th Cir.1986); *citing United States v. $4,255,625.39,* 762 F.2d 895 (11th Cir.1985), *cert. denied* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986).

Furthermore, the property interest asserted by the claimant must predate the right to forfeiture asserted by the United States, for it is well established that when property is subject to forfeiture for violation of the law, title vests absolutely in the government on the date of the illegal act. Seizure and a subsequent decree of forfeiture merely confirms the forfeiture that has already taken place. *United States v. Stowell,* 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890); *United States v. One 1967 Chris–Craft 27 Foot Fiber Glass Boat,* 423 F.2d 1293 (5th Cir.1970); *Florida Dealers and Growers Bank v. United States,* 279 F.2d 673 (5th Cir.1960); *U.S. v. One Piece of Real Estate,* 571 F.Supp. 723 (W.D.Tex. 1983). Since the forfeiture actually occurs at the moment of the illegal use, no third party can acquire a legally cognizable interest in the property after the date of the illegal act which forms the basis of the forfeiture. The condemnation when obtained relates back to the time of the wrongful act and voids all intermediate sales and alienations. Opposition to forfeiture must, therefore, be dismissed if the claimant obtained his "property interest" subsequent to the illegal act. *Simons v. United States,* 541 F.2d 1351, 1352 (9th Cir.1976); *U.S. v. One Piece of Real Estate,* 571 F.Supp. 723 (W.D.Tex.1983). *See also Florida Dealers and Growers Bank v.*

*United States,* 279 F.2d 673 (5th Cir.1960); *Wingo v. United States,* 266 F.2d 421 (5th Cir.1959); *Weathersbee v. United States,* 263 F.2d 324 (4th Cir.1958).

*United States v. One Parcel of Real Estate,* 660 F.Supp. 483 (S.D.Miss.1987); appeal dismissed, 822 F.2d 57 (5th Cir.1987); affirmed and remanded for determination of sanctions for frivolous appeal, 831 F.2d 566 (5th Cir. 1987).

■ It is clear from the foregoing that Ezekiel Mikell is likely not entitled to even assert a claim for the property since his "property interest" did not arise prior to the forfeiture of the property (at the time of the illegal use) to the United States. However, the term "owner" used in the forfeiture statute, 21 U.S.C. § 881(a)(7), has been broadly construed to encompass any person with a recognizable legal or equitable interest in the seized property. *United States v. $47,875 in U.S. Currency,* 746 F.2d 291 (5th Cir.1984).

Therefore, the more appropriate question to be decided in determining who has standing to assert a claim is who exercises "dominion and control" over the property rather than who holds bare legal title. *See United States v. A Single Family Residence,* 803 F.2d 625 (11th Cir.1986), and cases cited therein.

■ In light of the proof that Ezekiel Mikell was claiming the defendant property as his residence on the date of the illegal act, a legitimate argument may be advanced that he exercised sufficient dominion and control over the property to allow him to assert a claim for it. This issue was not addressed by the parties and is not outcome determinative of this action. Because, even if he does have standing to assert a claim, under the facts of this case, he surely cannot overcome the government's proof of probable cause that the defendant property was used to facilitate the distribution of illegal drugs. He is the one who pleaded and was found guilty of exactly that.

Additionally, if he could assert a valid claim, his defense would have to be that of the "innocent owner." *See* 21 U.S.C. § 881(a)(7). In light of his guilty plea and his sworn answer and responses to interroga-

tories, this defense is not available to claimant. *United States v. One Parcel of Real Estate,* 660 F.Supp. at 487.

The government having presented proof that probable cause exists to believe that the defendant property, Parcel 1, was used to facilitate the commission of a violation of Title 21, U.S.C. § 841(a), a crime punishable by more than one (1) year's imprisonment, and the Claimant, Ezekiel Mikell, having failed to rebut same, the Court finds that there is no genuine issue for trial and that summary judgment in favor of the Plaintiff is appropriate.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Forfeiture filed on behalf of the United States is GRANTED.

A separate judgment will be prepared by the government within ten days of the filing of this order and entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED.