UNITED STATES of America, Plaintiff,

v.

A SINGLE FAMILY RESIDENCE LO-
CATED AT 3181 S.W. 138TH PLACE,
MIAMI, FLORIDA, Together With All
Improvements, Fixtures, and Appurte-
nances Thereto or Thereon, Defendant.

No. 90–1506–CIV.

United States District Court,
S.D. Florida.

Nov. 29, 1991.

Madeleine R. Shirley, Miami, Fla., for plaintiff.

Thomas W. Logue, for claimant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

RYSKAMP, District Judge.

THIS CAUSE is before the Court on cross-motions for summary judgment by Plaintiff and Claimant Dade County Tax Collector ("County"). Pursuant to an order of reference, Magistrate Judge Bandstra issued a Report and Recommendation on the motions. Magistrate Judge Bandstra recommended that Plaintiff's motion be granted and Claimant's motion be denied.

For the following reasons, the Court now adopts the Report and Recommendations of the Magistrate Judge.

### BACKGROUND

This is a civil forfeiture action by the United States pursuant to 21 U.S.C. § 881. The narrow question presented by the cross-motions is whether the relation back principle contained in subsection 881(h) operates to destroy those tax liens of the County that require payment of ad valorem real property taxes for the time period between the date of seizure of the defendant property by Plaintiff and the date of entry of final judgment of forfeiture.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the burden of informing the Court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986). If the movant meets that burden, the burden shifts to the nonmoving party to demonstrate that there is indeed a genuine issue of material fact that precludes summary judgment. *Id.*

In this case, the parties have not disputed a number of facts for purposes of the motions before the Court. These facts are set forth in the Report and Recommendation, and the Court will not review them in detail here. After independent examination of the record, the Court is satisfied that the Magistrate Judge's findings of the material facts not in dispute are correct. The County does object to the Magistrate Judge's findings of fact in a few details. The County claims it never knew about activities that would subject the defendant property to forfeiture, that the Plaintiff

seeks to apply the relation back doctrine back to an earlier date than the date contained in the Report and Recommendation, that the property taxes have been paid by the bank holding a mortgage on the property, and that the relation back provision is a significant disruption on the State's and County's tax collection efforts. Even if the County were correct, however, the outcome of the Court's analysis would remain the same for the reasons set forth below.

The County has presented four arguments why the Magistrate Judge's Report and Recommendation should be rejected and why the tax liens on the defendant property are valid. First, the County argues that the relation back provision of the civil forfeiture statute, 21 U.S.C. § 881(h), does not apply to State or local government tax liens. Second, the County argues that it is an innocent owner under the civil forfeiture statute. 21 U.S.C. § 881(a)(6) & (7). Third, the County contends that if the relation back provision of section 881 destroys its tax liens, then the statute violates the Tenth Amendment of the federal Constitution. Finally, the County asserts that the ad valorem property tax assessed against the defendant property does not violate the Constitutional doctrine of intergovernmental immunity. The Court will address each of these arguments in turn.

### I. Operation of the Relation Bank Provision.

■ Plaintiff has sought forfeiture of the defendant property pursuant to the civil forfeiture statute, 21 U.S.C. § 881(a)(6)–(7), which provides:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

Government title to the property is acquired as of the date of the commission of the offense pursuant to the relation back doctrine, codified at subsection 881(h). That subsection provides that "[a]ll right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section."

The plain language of the statute clearly does not exempt local governments from its broad sweep. The County seeks to avoid the conclusion that it therefore is not exempt by reciting the purpose of the civil forfeiture statute. The legislative history does indeed reveal that the purpose of subsection (h) was to

permit the voiding of certain pre-conviction transfers and so close a potential loophole in current law whereby the criminal forfeiture sanction could be avoided by transfers that were not "arms' length" transactions.

S.Rep. No. 92–225, 98th Cong., 2d Sess. *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3383–84. Nevertheless, as the Magistrate Judge noted, however, this selective reference to the legislative history overlooks the lengthy history of civil forfei-

ture and the relation back doctrine in American jurisprudence.

More important, however, is the fact that there is nothing ambiguous about the statutory language. In the absence of such ambiguity, heavy reliance on the legislative history cited by the County is inappropriate. *See K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291, 108 S.Ct. 1811, 1817, 100 L.Ed.2d 313, 324 (1988) ("if the statute is clear and unambiguous, that is the end of the matter, for the court ... must give effect to the unambiguously expressed intent of Congress").

The County also contends, quite properly, that reference must be made to the design of the statute as a whole. *Id.* It notes that the statute was not intended or designed to hurt innocent parties such as local school boards, but was rather targeted at those who violate or facilitate the violation of the controlled substance laws. It is admittedly true that the civil forfeiture statute is not designed to injure innocent parties. Presumably few statutes are, however, and the Court fails to see what the County gains from this observation.

At any rate, the design of the statute as a whole already addresses the County's concerns about the fairness of the statute's operation. Section 881(a) contains an express defense for innocent owners of property that is otherwise forfeitable. Given that Congress has made express provision for the protection of innocent third parties, the County's argument that the design of the statute as a whole includes additional unwritten exceptions to subsection (h) for local governments is not persuasive. Such exemptions might indeed be sensible if Congress were motivated by concerns about federalism, but they would be a dramatically under-inclusive response to the fairness concerns cited by the County.

 Faced with the absence of any ambiguity in the statutory language, the County attempts to create ambiguity by citing to the "plain statement" rule recently applied by the Supreme Court in *Gregory v. Ashcroft,* 501 U.S. ——, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991). *Gregory* involved a suit by state court judges under the Age Discrimination in Employment Act challenging a provision in the Missouri Constitution requiring state court judges to retire at age 70. The Court held that Congress did not intend to apply the provisions of the ADEA to appointed state court judges.

In so holding, the Court applied the plain statement rule urged by the County. Citing earlier cases, the Court explained that the rule simply provides that "[I]f Congress intends to alter the 'usual constitutional balance between the States and the Federal Government,' it must make its intention to do so 'unmistakably clear in the language of the statute.'" *Gregory,* 501 U.S. at ——, 111 S.Ct. at 2400, 115 L.Ed.2d at 424. The Court noted that this rule is "nothing more than an acknowledgement that the States retain substantial sovereign powers under our constitutional scheme, powers with which Congress does not readily interfere." *Gregory,* 501 U.S. at ——, 111 S.Ct. at 2401, 115 L.Ed.2d at 424. The Court recognized that under *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), the protections afforded the States under the Tenth Amendment were primarily left to the political process. Consequently, the Court found a plain statement rule to be necessary because "[T]o give the state-displacing weight of federal law to mere congressional ambiguity would evade the very procedure for lawmaking on which *Garcia* relied to protect states' interests." *Gregory,* 501 U.S. at ——, 111 S.Ct. at 2403, 115 L.Ed.2d at 426 (quoting Laurence Tribe, American Constitutional Law 6–25, at 480 (2d ed. 1988).

*Gregory* concerned federal legislation that arguably would have upset the usual constitutional balance of federal and state powers. *Gregory,* 501 U.S. at ——, 111 S.Ct. at 2400, 115 L.Ed.2d at 423. The case involved legislation that, interpreted broadly, would not only preempt an area traditionally regulated by the State, but would interfere with a "decision of the most fundamental sort for a sovereign entity." *Id.* The plain statement rule is not to be ap-

plied to every federal statute that potentially affects States or their political subdivisions. Rather, it is a technique for avoiding potential constitutional problems under the Tenth Amendment in the interpretation of federal statutes. *Gregory*, 501 U.S. at ——, 111 S.Ct. at 2403, 115 L.Ed.2d at 426. Where a federal statute could be read to alter the state-federal balance under our Constitutional framework, it should not be read in such a way unless Congress unambiguously intended that it be so read.

The County argues that if the relation back provision of the civil forfeiture statute is read to destroy State or County tax liens after the date the defendant property becomes subject to forfeiture, it would interfere with the State's taxation of real estate within its borders. The County properly characterizes the power to tax as a fundamental attribute of state sovereignty. Nonetheless, the County's argument must fail.

The County has failed to demonstrate how the relation back doctrine would interfere with the County's taxing function. It is conceded that Congress may authorize the purchase of land for the federal government. It is also conceded that State or local governments may not directly tax the federal government as the possessor of such property. The acquisition of land within a State's boundaries by the federal government, and the resulting immunity from direct taxation on the property, has never been deemed an interference with the State's taxing power. Nor has it been deemed to "upset the usual constitutional balance of federal and state powers." *Gregory*, 501 U.S. at ——, 111 S.Ct. at 2400, 115 L.Ed.2d at 423. On the contrary, federal immunity from taxation by the States is a long-recognized feature of our federalism. *See M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819).

The Court is persuaded that the proper construction of the relation back provision of section 881 does not exempt local government tax liens from its operation. Accordingly, the Court turns to the County's next argument, that it is an innocent owner within the meaning of the statute.

## II. *The County's Putative Status as an Innocent Owner.*

▬ Plaintiff's position is that the County cannot be an innocent owner because its interest in the defendant property arose after the date at which the property became subject to forfeiture. The County responds that the interest of any owner, regardless of when it acquired an interest in the defendant property and regardless of whether it was a bona fide purchaser, is not subject to forfeiture. The Eleventh Circuit has yet to resolve this issue, but it has expressed its doubts as to whether a third party can obtain a legally protectible interest in property after illegal use of the property has vested title in the United States. *U.S. v. $41,305.00 in Currency*, 802 F.2d 1339, 1346 (11th Cir.1986).

Nonetheless, the prevailing view among the few circuits that have addressed this question is that once title has vested in the Government through the relation back doctrine, a third party cannot acquire an interest in the defendant property. *See Eggleston v. Colorado*, 873 F.2d 242 (10th Cir. 1989), *cert. denied* 493 U.S. 1070, 110 S.Ct. 1112, 107 L.Ed.2d 1019 (1990); *In the Case of One 1985 Nissan, 300ZX*, 889 F.2d 1317 (4th Cir.1989) (en banc); *but see U.S. v. A Parcel of Land*, 937 F.2d 98 (3rd Cir.1991). This view, adopted by the Magistrate Judge in his Report and Recommendation, would of course dispose of the matter in Plaintiff's favor.

A number of courts, including two in this district, have nonetheless held that a bona fide purchaser of property that is subject to forfeiture can qualify as an innocent owner under section 881. *See, e.g., U.S. v. One Single Family Residence Located at 6960 Miraflores Ave.*, 731 F.Supp. 1563 (S.D.Fla.1990); *U.S. v. One Single Family Residence*, 683 F.Supp. 783 (S.D.Fla.1988). The County, of course, does not contend that it was a bona fide purchaser of the defendant property, nor could it. This would seem to end the matter. The County, however, claims that its interest is "in the nature" of that of a bona fide purchaser. County's Objections to Supp. Report

and Recommendations 8. The County cites no case law in support of its position, but nevertheless argues that its provision of governmental services to the property establishes a sort of value given in exchange for the property taxes it receives. This is a questionable assertion of fact, given that the County receives, directly or indirectly, proceeds from forfeiture proceedings from the Government. At any rate, the Court finds the County's position analogous to any other situation in which the federal government purchases real property within the County's borders. The County is not released from its obligations to provide fire and police protection to tenants on federal property simply because it cannot directly tax the federal government. Thus, it cannot be said that the County has given value in reasonable reliance on the fact that it can assess taxes on the defendant property. Accordingly, even if the Court were to adopt the view that bona fide purchasers of property subject to forfeiture are protected by the innocent owner defense, the County has failed to demonstrate that it would qualify as an innocent owner.

III. *Validity of Section 881 under the Tenth Amendment.*

■ The County's next argument is that Plaintiff's interpretation of the statute renders the statute unconstitutional. The County asserts that the statute would violate the Tenth Amendment of the federal Constitution. This argument clearly lacks merit for the reasons set forth in the Report and Recommendation of the Magistrate Judge, and no additional discussion by the Court is necessary.

IV. *Immunity of the Federal Government from the Property Tax.*

■ The County's final argument is that Plaintiff is not immune from the tax in question under the principle of inter-governmental immunity. It is settled that States may not impose taxes directly on the federal government, nor may they impose taxes the legal incidence of which falls on the federal government. *U.S. v. County of Fresno,* 429 U.S. 452, 459, 97 S.Ct. 699, 703, 50 L.Ed.2d 683, 690 (1977). A tax that is not directly laid on the federal government must also be nondiscriminatory. *Id.* at 460, 97 S.Ct. at 704, 50 L.Ed.2d at 691. Thus, use taxes on possessory interests in federal land have been upheld even where the tax is imposed on a federal employee. *See id.* On the other hand, a property tax imposed directly on federal property would clearly be invalid, as the legal incidence of the tax would fall either on the federal government or the federal property.

The County does not argue that the taxes in question are not direct, ad valorem property taxes. It argues first that because Plaintiff's interest in the defendant remains contingent until entry of a final judgment of forfeiture, the tax on the property is constitutional. This is simply another attempt by the County to evade the effect of the relation back provision of section 881 and merits no response. The County also argues that since the mortgagee bank paid the property taxes for the years 1988 through 1990, the tax is constitutional. This argument is irrelevant. As the County itself correctly notes, it is irrelevant that the economic incidence of a nondiscriminatory tax falls on the federal government. *See generally id.* It is the legal incidence of the tax which is relevant. *Id.* The legal incidence of a direct, ad valorem property tax falls on the federal government regardless of whether the mortgagee bank has actually paid the tax. The property tax may not therefore be constitutionally imposed on the federal government.

## CONCLUSION

For the aforementioned reasons, it is hereby

ORDERED AND ADJUDGED that the Report and Recommendation of Magistrate Judge Bandstra is ADOPTED. Accordingly, the County's motion for summary judgment is DENIED. Plaintiff's motion for summary judgment is GRANTED.

DONE AND ORDERED.