**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY INCLUDING ANY BUILDINGS, APPURTENANCES, AND IMPROVEMENTS THEREON, LOCATED AT 4446 EAST BROADWAY AVENUE, TAMPA, FLORIDA, etc., Defendant.**

No. 92–1211–CIV T 99A.

United States District Court,
M.D. Florida,
Tampa Division.

June 7, 1993.

Eduardo E. Toro–Font, Asst. U.S. Atty., Tampa, FL, for plaintiff.

Douglas Roy Gardner, Tampa, FL, for claimant.

## ORDER

CONWAY, District Judge.

This cause is before the Court on Melvin B. Smith, Tax Collector, Hillsborough County, Florida ("Tax Collector")'s Motion for an Order Authorizing the Payment of the 1992 Ad Valorem Taxes on real Property (Doc. No. 25, filed May 11, 1993). Plaintiff filed a Response on May 19, 1993 (Doc. No. 27). The Tax Collector in his Motion for an Order Authorizing the Payment of 1992 Ad Valorem Taxes asserts that the 1992 ad valorem taxes on the defendant property of $4,454.92 are outstanding. He asserts that the taxes assessed against the defendant property constitute a statutory lien pursuant to Florida Statute Chapter 197 and that he has the authority to sell tax certificates to satisfy the delinquent taxes pursuant to Florida Statutes should the taxes remain unpaid. According to the Tax Collector, payment of the ad valorem taxes on the defendant property will satisfy the statutory lien and avoid a tax certificate sale.

Although the Tax Collector does not take the position that real property actually forfeited to the United States by final order or judgment is not immune from taxation, he does take the position that the property is subject to the tax lien if there are outstanding ad valorem taxes owed on the property prior to the final order or judgment of forfeiture. Since there has been no final order or judgment of forfeiture in this action, the Tax Collector asserts that the County is entitled to have the Court order payment of the unpaid taxes.

The Complaint for forfeiture in rem in this action alleges that on January 23, 1991, the defendant real property was involved in a transaction or attempted transaction, or constitutes property traceable to such property in violation of 18 U.S.C. §§ 1956 and 1957, in that defendant property was purchased with proceeds traceable to an exchange of a controlled substance, in violation of 21 U.S.C. § 881(a)(6), all in violation of 18 U.S.C. § 981.

■ Under the relation-back principle, title to the forfeitable property, although not perfected until an order of forfeiture is entered, arises on the date of the offense giving rise to the forfeiture. *Florida Dealers and Growers Bank v. U.S.*, 279 F.2d 673 (5th Cir.1960). This doctrine has been codified in 21 U.S.C. 881(h) which provides that "all right, title and interest in property [s]ubject to forfeiture shall vest in the United States upon commission of the act giving rise to forfeiture under this section". Therefore, it follows that the right to the defendant property in this action vested in the United States

on January 23, 1991, the date of the illegal act.

■ The longstanding prohibition against attempts by local or state government to tax the property of the federal government absent congressional consent finds its origin in *M'Culloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819). Absent any evidence of express congressional consent to the contrary, the Court finds that the Tax Collector may not effect its claim on the United States for ad valorem taxes due to the County on the defendant property since January 23, 1991.

■ The Tax Collector's next contention is that the County should prevail under the "innocent owner" doctrine under the Controlled Substance Act, 21 U.S.C. § 881(a)(6), because the County was unaware that defendant property was involved in any illegal activity or that it had been seized by the United States in a forfeiture action.

While this issue has not been addressed by the Eleventh Circuit, "the prevailing view among the few circuits that have addressed this question is that once title has vested in the Government through the relation back doctrine, a third party cannot acquire an interest in the defendant property". *U.S. v. A Single Family Residence Located at 3181 S.W. 138th Place, Miami, Florida,* 778 F.Supp. 1570 at 1574 (S.D.Fla.1991). See *Eggleston v. Colorado,* 873 F.2d 242 (10th Cir.1989), cert. denied, 493 U.S. 1070, 110 S.Ct. 1112, 107 L.Ed.2d 1019 (1990); *In the Case of One 1985 Nissan 300ZX,* 889 F.2d 1317 (4th Cir.1989) (en banc). The Court finds that the Tax Collector's lien as an "innocent lienholder" for the 1992 ad valorem taxes is not within the realm of the "innocent owner" doctrine under the Controlled Substance Act.

Since the Government's interest in the property vested on January 23, 1991, under the relation-back doctrine, the County cannot be said to have acquired any interest, including a tax lien as an innocent lienholder, in the defendant property for taxes which accrued after that date. Therefore, the United States is not responsible for the payment of the 1992 ad valorem taxes on defendant property.

Accordingly, it is **ORDERED** and **ADJUDGED** that:

(1) the Motion for an Order Authorizing Payment of the 1992 Ad Valorem Taxes on Real Property (Doc. No. 25) is **DENIED**.

**DONE AND ORDERED.**