**UNITED STATES of America**

v.

**ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES, AND IMPROVEMENTS KNOWN AS 190 COLEBROOK ROAD, Located in the TOWN OF LITTLE COMPTON, RHODE ISLAND.**

**Civ. A. No. 89–0372–T.**

United States District Court, D. Rhode Island.

Aug. 29, 1990.

**104**

Michael Iannotti, Asst. U.S. Atty., Dept. of Justice, Providence, R.I., for plaintiff.

Joseph T. Houlihan, Newport, R.I., for defendant.

MEMORANDUM AND ORDER

TORRES, District Judge.

This is a civil forfeiture action pursuant to Title 21 U.S.C. § 881(a)(7). It is presently before the Court on the government's motion to dismiss or, in the alternative, for summary judgment with respect to John J. Lewis' claim to the subject property. The issue presented is whether the interest claimed by Lewis is subject to forfeiture.

## I. BACKGROUND

In April of 1989, Alfred and Carol Lewis (the "Lewises") owned and resided in a home at 190 Colebrook Road in Little Compton, Rhode Island (the "premises"). On April 6, 1989, law enforcement officials executed a warrant to search those premises. In the course of that search, they found several packets of marijuana as well as quantities of marijuana plants, marijuana seeds and equipment used to grow marijuana. As a result, the Lewises were charged with possession and cultivation of marijuana. Those charges are now pending in state court.

On May 8, 1989, the Lewises executed a quitclaim deed conveying the premises to John J. Lewis, Alfred Lewis' brother. John Lewis paid no money for the property. However, during oral argument, his counsel asserted that the transfer was made to satisfy an antecedent debt. No evidence has been cited to support that assertion nor has the nature or amount of the alleged debt been specified.

On June 8, 1989, the premises were seized by federal agents as property used to facilitate a violation of the drug laws. Shortly thereafter, John Lewis filed a Notice of Claim pursuant to which he avers that he owns the premises and that his interest is exempt from forfeiture under the "innocent owner" provision of 21 U.S.C. § 881(a)(7). That section describes real estate subject to forfeiture as follows:

> All real property ... which is used ... in any manner ... to commit, or to facilitate the commission of, a violation of this title ... *except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.*

21 U.S.C. § 881(a)(7) (emphasis added).

The government moves to dismiss Lewis' claim on the ground that, under 21 U.S.C. § 881(h), title to the premises vested in the United States on April 6, 1989, when the

act giving rise to the forfeiture occurred.[1] Accordingly, the government argues that the subsequent deed from the Lewises did not convey any ownership interest to John Lewis. In the alternative, the government seeks summary judgment on the ground that Lewis has presented no facts to support the claim that the "innocent owner" exception applies to his alleged interest in the premises.

The motion to dismiss raises an interesting question as to whether the "relation back" provision requires forfeiture of interests acquired *after* commission of an act giving rise to forfeiture irrespective of the circumstances. The *criminal* forfeiture statute expressly deals with that issue. It states:

> All right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant ... shall be ordered forfeited ..., unless the transferee establishes ... that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture.

21 U.S.C. § 853(c).

On the other hand, neither § 881(h) nor § 881(a)(7) contains such a provision. Whether those sections should be construed to provide similar relief to a subsequent bona fide purchaser is a question open to debate. However, in this case, it is a question that need not be answered. Even if it is conceded *arguendo* that property belonging to a subsequent bona fide purchaser is exempt from civil forfeiture, the record establishes that the government is entitled to summary judgment.

## II. DISCUSSION

### A. *Summary Judgment Standard*

A motion for summary judgment should be granted only when "there is no genuine

issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. In passing on such a motion, the Court must view the evidence in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 996, 8 L.Ed.2d 176 (1962) (per curiam); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990); *United States Fire Insurance Co. v. Producciones Padosa, Inc.*, 835 F.2d 950, 953 (1st Cir.1987).

However, the mere assertion that there is *some* fact in dispute is insufficient to defeat a motion for summary judgment. The disputed fact must be *material* and the dispute must be *genuine*. A fact is deemed material if, under applicable substantive law, it may affect the outcome of the case. Moreover, a dispute is considered genuine only if there is adequate evidence to require resolution of the disagreement at trial. Unsupported allegations are insufficient to create a genuine dispute. Once the movant has presented probative evidence that it is entitled to judgment, the party opposing the motion must set forth specific facts demonstrating that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 894–95 (1st Cir.1988).

### B. *Civil Forfeiture*

■ In a civil forfeiture action under 21 U.S.C. § 881(a)(7), the initial burden is on the government to prove probable cause for believing that the property was used to facilitate illegal drug activity. Once probable cause is established, the burden shifts to the claimant to prove either that the property was not so used or that, notwithstanding such use, the claimant's interest is not forfeitable because it qualifies for the

---

**1.** Title 21 U.S.C. § 881(h) states: "All right, title, and interest in property described in subsection (a) shall vest in the United States upon commis-

sion of the act giving rise to forfeiture under this section."

"innocent owner" exception contemplated by the statute. *See United States v. The Premises and Real Property at 4492 South Livonia Road*, 889 F.2d 1258, 1267 (2d Cir.1989). The claimant's failure to carry that burden warrants the entry of summary judgment in favor of the government on the basis of its probable cause showing. *See Id.; United States v. One 56–foot Motor Yacht Named Tahuna*, 702 F.2d 1276, 1287 (9th Cir.1983).

■ In this case, the government's evidence easily establishes probable cause to believe that the premises were used to facilitate illegal drug activities. The affidavit of Ronald Coffey, a DEA agent who participated in the April 6 search, contained a detailed description of the marijuana, marijuana plants and paraphernalia for growing marijuana that were found at the premises. Affidavit of Coffey, 6/7/89. That affidavit is uncontroverted. Therefore, the sole issue is whether Lewis has presented sufficient evidence to raise a genuine issue regarding his status as an "innocent owner."

As previously noted, § 881(a)(7) expressly provides that the interest of an "owner" who establishes that he had no knowledge of and did not consent to the act giving rise to forfeiture is exempt from forfeiture. The statute expresses a policy judgment that, although forfeiture is an *in rem* proceeding, an "innocent owner" should not be penalized merely because illegal activity is conducted on his property.

It is clear that the "knowledge or consent" test contained in § 881(a)(7) was intended to assess the "innocence" of a person who owned the premises at the time the offense was committed. Since such an owner presumably exercised some control over the property, it makes sense to determine forfeitability in terms of that owner's complicity or lack of complicity in the illegal activity.

On the other hand, it is equally clear that, even if § 881(a)(7) extends to subsequent owners, Congress could not have intended that their "innocence" be measured solely by the "knowledge or consent" test. Certainly the interest of a subsequent owner who failed to meet the test would be forfeitable. However, demonstrating the absence of knowledge or consent to the illegal activity would not, by itself, be sufficient to avoid forfeiture. A post delicto transfer of the property raises an additional issue bearing on the "innocence" of the new owner, namely, whether that owner purchased the property in good faith.

The mechanism for making that determination under the *criminal* forfeiture statute is the "bona fide purchaser for value" test. 21 U.S.C. § 853(c). It requires that the new owner demonstrate that he purchased the property in good faith, for valuable consideration and without knowledge or notice of the government's claim. *See* R. Cunningham, W. Stoebuck & D. Whitman, *The Law of Property* § 11.10 (1984).

If § 881(a)(7) extends to subsequent owners, those requirements would have to be applied to that section as well. Otherwise, persons participating in or condoning illicit activity on their property could easily circumvent forfeiture by later making a sham conveyance of the property to a friend or relative who was not a party to the illicit activity but may know that the purpose of the transfer is to defeat forfeiture.

In this case, Lewis has failed both of the aforementioned tests. He has not furnished any affidavit or other evidence indicating that the offenses taking place on the premises were committed without his knowledge or consent. Nor has he presented any facts indicating that he was a bona fide purchaser for value. He has provided nothing more than an unsworn assertion by counsel that the premises were transferred to him in consideration of an antecedent debt. Tr. of 11/6/89 at 10. Neither the nature nor the extent of the alleged debt has been specified. That bare and unsubstantiated allegation is not sufficient to create a genuine issue of fact. *See Lipsett*, 864 F.2d at 894–95. Furthermore, Lewis has not even averred that he was unaware of the government's claim at the time he acquired title. Consequently, he has not raised a triable issue regarding his status as a bona fide purchaser.

### III. CONCLUSION

In short, the government has produced uncontradicted evidence that the premises were used to facilitate illegal drug activity. Lewis, on the other hand, has failed to present any competent evidence that he did not know of or consent to the acts giving rise to forfeiture or that he was a bona fide purchaser of the property. Therefore, there is no genuine issue regarding any material fact, and the government is entitled to judgment as a matter of law. Accordingly, the government's motion for summary judgment as to the claim of John J. Lewis is hereby granted.

IT IS SO ORDERED.