**UNITED STATES of America, Plaintiff,**

v.

**10652 SOUTH LARAMIE, OAK–LAWN, ILLINOIS, Defendant,**

v.

**John F. PETROZZA, and Oak Lawn Trust and Savings Bank, Claimants.**

No. 89 C 8064.

United States District Court, N.D. Illinois, E.D.

Dec. 5, 1991.

---

Elizabeth Muir Landes, U.S. Attorney's Office, Chicago, Ill., for U.S.

Timothy Harold Okal, Spina, McGuire & Okal, Elmwood Park, Ill., for John F. Petrozza.

Thomas Stephen Moore, McCarthy, Duffy, Neidhart & Snakard, Chicago, Ill., for Oak Lawn Trust and Sav. Bank.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the court on claimants' motion to amend judgment. For the reasons set forth below, claimants' motion is denied.

## BACKGROUND

On October 27, 1989, the United States brought a forfeiture action pursuant to 21 U.S.C. § 881(a)(7) against the property located at 10652 South Laramie, Oak Lawn, Illinois, on the grounds that the property was used to facilitate the distribution of cocaine. Five days later, a Lis Pendens notice was recorded with the Cook County Recorder of Deeds to put all parties on constructive notice that the United States had filed a forfeiture action against the defendant property. On November 2, 1989, this Court found that there was probable cause to seize the defendant property. On November 17, 1989, claims of ownership were filed on behalf of John Petrozza and the Oak Lawn Trust & Savings Bank ("OLB") as Trustee.

On October 2, 1991, we granted summary judgment in favor of the United States and entered a final judgment of forfeiture against "claimants." On October 22, 1991, we granted claimant OLB's motion to amend judgment after finding that OLB had a valid and subsisting lien on the defendant property, dated October 30, 1974, without knowledge or culpability in the actions of John Petrozza. Now claimants John Petrozza, OLB as Trustee under Trust No. 1388, and Gwendolyn Petrozza, Vincent Petrozza, and Theresa Petrozza, as claimed beneficiaries under Trust No. 1388, move to amend the judgment of forfeiture to reflect their interests in the defendant property.

## DISCUSSION

Claimants argue that on November 4, 1989, a Trust Agreement was executed cre-

ating Trust No. 1388 at OLB of which Gwendolyn Petrozza, Vincent Petrozza, and Theresa Petrozza were beneficiaries. At that time, the Cole Taylor Bank/Ford City (formerly known as the Ford City Bank) ("Cole Taylor") issued a Trustee's Deed conveying title of the defendant property to OLB. The defendant property had previously been held in a land trust at Cole Taylor, of which John Petrozza was the sole beneficiary, which claimants allege was closed on November 8, 1991.

Both the United States and OLB, however, argue that the OLB trust does not exist. They argue that the trust failed because the defendant property (the sole res of the trust) was never transferred to the trust, and as a. result, claimants have no interest in the defendant property.

John Petrozza attempted to create the OLB trust two days after this Court ruled that there was probable cause to seize the defendant property. On November 4, 1989, Cole Taylor assigned its interest as Trustee of the defendant property to OLB, and a new trust agreement was signed at OLB which named the claimants as beneficiaries. However, the United States asserts that when OLB learned of the pending forfeiture proceeding, it refused to act as Trustee, rejected the trust and returned it to Cole Taylor.

Delivery of the trust property to the trustee is an essential component in the creation of a trust. *In re Estate of Wilkening,* 109 Ill.App.3d 934, 940–941, 65 Ill. Dec. 366, 371, 441 N.E.2d 158, 163 (1st Dist.1982). It is essential that the trustee has either possession of or title to the property. *In re Glenview Imports, Ltd.,* 27 B.R. 496, 500 (Bkrtcy.N.D.Ill.1983). Moreover, the Trust Agreement itself states that the trust would not be established until OLB took title to the defendant property as Trustee. The evidence presented here shows that OLB never possessed or took title to the defendant property, and thus, the alleged trust was never created.

In her affidavit, Lucille Hart, a Land Trust Officer at Cole Taylor Bank, states that on November 4, 1989, Cole Taylor was instructed to transfer the land trust on the defendant property, of which it was then acting as trustee, to OLB under Trust Agreement No. 1388. (Hart Affidavit, ¶ 4). However, Hart goes on to state that OLB refused to accept title to the trust, and returned the Trust Deed to Cole Taylor, who continued to act as Trustee under the original trust. (Hart Affidavit, ¶ 5). Hart further states that a form letter she signed on October 29, 1991, which indicated that Cole Taylor no longer had an interest in the defendant property, was in error. (Hart Affidavit, ¶ 3).

Roberta Cartwright, a Vice-President and Trust Officer with OLB, has also submitted an affidavit detailing the events surrounding the attempted creation, and subsequent refusal, of the OLB trust. Cartwright states that on November 10, 1989, OLB received a deed from Cole Taylor conveying the defendant property to OLB as trustee under Trust No. 1388. (Cartwright Affidavit, ¶ 4). Also on November 10, Cartwright sent a Real Estate Transfer Declaration together with a facsimile of the Assignment of Beneficial Interest in Trust No. 1388 to the Cook County Recorder of Deeds. (Cartwright Affidavit, ¶ 5). On November 13, 1989, OLB received a copy of the letter to John Petrozza containing the Notice of Seizure. Because of the seizure notice, OLB did not send the deed to the Cook County Recorder of Deeds to be recorded. (Cartwright Affidavit, ¶ 7). OLB subsequently notified Cole Taylor of their refusal to accept the trust and returned the deed to the Cole Taylor trust, which was then reopened. (Cartwright Affidavit, ¶ 9–12).

Furthermore, even if the trust had been created, claimants still would not have an interest in the defendant property. When property is subject to forfeiture based on an illegal act, title to the property vests in the government as of the date of the illegal act, even though actual seizure has not yet occurred. 21 U.S.C. § 881(h) provides as follows:

All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon com-

mission of the act giving rise to forfeiture under this section.

21 U.S.C. § 881(h) (1990).

As a result of this "relation back" of the forfeiture to the date of the illegal act, no third party can acquire a legally cognizable interest in a piece of property at any time after the date of the illegal act which serves as the basis of the forfeiture. *United States v. One Parcel of Real Estate Property known as Rod and Reel Fish Camp,* 660 F.Supp. 483 (S.D.Miss.1987); *aff'd,* 831 F.2d 566 (5th Cir.1987); *United States v. One Piece of Real Estate, etc.,* 571 F.Supp. 723, 725 (W.D.Tex.1983); *United States v. Stowell,* 133 U.S. 1, 16–17, 10 S.Ct. 244, 247, 33 L.Ed. 555 (1890); *United States v. Miscellaneous Jewelry,* 667 F.Supp. 232, 247 (D.Md.1987) (individual must establish that he had an ownership interest in the property before the illegal act occurred). In the instant case, the attempted transfer of the defendant property occurred not only long after the date of the illegal acts upon which forfeiture was based, but also after the United States had filed its complaint for forfeiture and the Lis Pendens notice had been recorded. Therefore, even if the trust had been created, title would still vest in the Cole Taylor trust.

■ Claimants make the additional argument that even if they cannot claim an interest in the defendant property as beneficiaries of the OLB trust, they are entitled to maintain individual interests based on their respective contributions to the property. Gwendolyn Petrozza, John Petrozza's wife, claims that she obtained an individual interest in the defendant property by assuming an obligation under a new mortgage executed on November 4, 1989. However, as with the trust, this new mortgage was executed several days after the complaint for forfeiture was filed. Therefore, Gwendolyn Petrozza cannot claim any interest in the property based on this transaction.

■ John Petrozza's wife and children also argue that they are entitled to an interest in the defendant property based on some alleged prior consideration which they gave John for the transfer of the property. The case of *U.S. v. One Parcel of Real Property with Buildings,* 743 F.Supp. 103 (D.R.I.1990), is instructive on this point. In that case, a husband and wife were charged with possession of marijuana after their home was searched pursuant to a warrant. One month later, the couple executed a quitclaim deed conveying title to the property to the husband's brother. When the property was ultimately seized, the brother filed a claim averring that he is the lawful owner of the premises and that therefore, his interest was exempt from forfeiture. The court held that the language of the analogous criminal forfeiture statute, 21 U.S.C. § 853(c), which protects only the subsequent property owners who can prove that they were a "bona fide purchaser for value," should be extended to apply to civil forfeitures as well. Otherwise, the court reasoned, a criminal defendant could easily circumvent forfeiture by making a sham conveyance of the property to a friend or relative who was not involved in the illegal activity which serves as the basis for the forfeiture. 743 F.Supp. at 106.

Although John Petrozza's wife and children allege that they were made beneficiaries of the trust in consideration of prior funds that they had loaned to their father, they have presented no documentation of this arrangement. The Illinois Statute of Frauds requires that all contracts involving an interest in land for a term longer than one year be in writing. Ill.Rev.Stat. Ch. 59, ¶ 2 (1985). Since the Statute of Frauds applies to the transfer of a beneficial interest in a land trust, *IMM Acceptance Corp. v. First National Bank and Trust Co.,* 148 Ill.App.3d 949, 102 Ill.Dec. 232, 235, 499 N.E.2d 1012, 1015 (2d Dist.1986), any such agreement which John Petrozza may have had with his wife and children to transfer an interest in the defendant property is unenforceable.

We agree with the United States' assertion that the evidence indicates that John Petrozza attempted to create the OLB trust, naming his wife and children as beneficiaries, to escape the impending forfei-

ture of their home. If these sham transactions were allowed to stand, it would open the floodgates to allowing claimants to come up with creative ways to dispose of their interest in the seized property so as to suffer no adverse consequences from the forfeiture proceeding. Since we find that claimants Gwendolyn Petrozza, Vincent Petrozza, and Theresa Petrozza have no legitimate interest in the defendant property, the motion to amend the judgment of forfeiture is denied.