United States Court of Appeals,

Fifth Circuit.

No. 93-7149.

UNITED STATES of America, Plaintiff-Appellee,

v.

ONE PARCEL OF LAND IN the NAME OF Ezekiel MIKELL, etc.,
Defendant,

Ezekiel Mikell, Claimant-Appellant.

Sept. 22, 1994.

Appeal from the United States District Court for the Southern District of Mississippi.

Before POLITZ, Chief Judge, DUHÉ and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Ezekiel Mikell appeals the district court's entry of summary judgment forfeiting his property under 21 U.S.C. § 881(a)(7), 814 F.Supp. 531. We affirm.

BACKGROUND

In 1991, the government commenced this forfeiture action, pursuant to 21 U.S.C. § 881(a)(7), against property owned by Mikell by filing a verified complaint. The complaint included a statement that, as part of a guilty plea to a drug charge, Mikell had admitted that in February 1988 he sold drugs from the property. After reviewing the complaint, a magistrate judge concluded that the government had established probable cause for forfeiture and ordered that the property be arrested and Mikell be served with notice.

Shortly after receiving notice of forfeiture, Mikell filed a

1

claim to the property. In response, the government moved for summary judgment. Mikell's only defense to the motion was that he did not own the property at the time of the admitted drug offense. In February 1988, the property belonged to his parents, who allegedly did not know of or consent to his illegal use of their property. His parents did not deed the property to him until May 1988. The district court rejected Mikell's defense, granted the government's motion for summary judgment, and ordered the property forfeited. Mikell appeals.

DISCUSSION

Title 21 U.S.C. § 881(a)(7) provides that property used to commit certain drug offenses is subject to forfeiture to the United States with the following exception: "[N]o property shall be forfeited ... to the extent of an interest of an *owner,* by reason of any act or omission established by that *owner* to have been committed ... without the knowledge or consent of the *owner.*" (emphasis added). The question before us is whether the term "owner" refers to the person who owns the property at the time it is used to commit the drug offense or the person who owns the property at the time of the forfeiture proceeding.

Mikell contends that the term "owner" refers to the person who owns the property at the time it is illegally used. In support of his position, he notes that § 881(h) provides that "[a]ll right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture." Mikell argues that this section means

2

that title vests absolutely in the government on the date of the illegal act. Thus, unless the owner at the time of the offense falls within the exception in § 881(a)(7), the owner is immediately divested of title and all subsequent transfers of the property are void. Mikell then concludes that the property in this case is not subject to forfeiture because his parents were owners at the time of the offense, the offense was committed without their knowledge and consent, and they did not receive notice of the forfeiture. We are not persuaded by Mikell's interpretation of the statute.

"The starting point in every case involving construction of a statute is the language itself." *Greyhound Corp. v. Mt. Hood Stages, Inc.,* 437 U.S. 322, 330, 98 S.Ct. 2370, 2375, 57 L.Ed.2d 239 (1978). "If the intent of Congress is clear, that is the end of the matter; for the court ... must give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). In determining the clear or plain meaning of a statute, "we look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy." *Crandon v. United States,* 494 U.S. 152, 158, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990).

Initially, we note that the plain and ordinary meaning of the word "owner" as used in § 881(a)(7) is the person holding legal title at the time of the judicial forfeiture proceedings. Mikell's argument that § 881(h) alters that plain meaning is based on the assumption that, under § 881(h), all rights and legal title to

property pass to the United States at the moment of illegal use. That assumption is contrary to the history of § 881(h) and structure of the forfeiture statute.

Section 881(h) is a codification of a well established common-law doctrine. Prior to 1984, *in rem* forfeiture actions under § 881 were governed by the common-law relation-back doctrine. *United States v. Parcel of Land, Bldgs., Appurtenances, and Improvements known as 92 Buena Vista Ave. Rumson, N.J.,* --- U.S. ----, ---- - ----, 113 S.Ct. 1126, 1135-36, 122 L.Ed.2d 469 (1993). Under that doctrine, once the government wins a forfeiture judgment, title vests and relates back to the date of the offense. *See Buena Vista,* --- U.S. at ---- - ----, 113 S.Ct. at 1135-36; *Motlow v. State,* 295 U.S. 97, 99, 55 S.Ct. 661, 662, 79 L.Ed. 1327 (1935); *Henderson's Distilled Spirits,* 14 Wall. 44, 56, 20 L.Ed. 815 (1871); *United States v. Grundy,* 3 Cranch 337, 350-51, 2 L.Ed. 459 (1806); *see also United States v. Stowell,* 133 U.S. 1, 16-17, 10 S.Ct. 244, 247-48, 33 L.Ed. 555 (1890).

In 1984, Congress codified this common-law doctrine by amending the statute to include § 881(h). *Buena Vista,* --- U.S. at ----, 113 S.Ct. at 1136; *see also* S.Rep. No. 225, 98th Cong., 2d Sess. 215, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3398 (referring to § 881(h) as a principle "well established in current law.") To reflect Congress's intent to codify the well established common-law doctrine, § 881(h), which says that title "shall vest in the United States upon commission of the act giving rise to forfeiture," must be understood to mean that title "shall vest in the United States

4

upon forfeiture effective as of commission of the act giving rise to forfeiture." *Buena Vista,* --- U.S. at ----, 113 S.Ct. at 1140 (Scalia, J., concurring).

In addition to reflecting Congress's intent, this reading of § 881(h) makes sense under the statutory structure. Section 881(d) provides that § 881 forfeitures are governed by "[t]he provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws," which are set forth in 19 U.S.C. § 1602 *et seq.* It is clear from these provisions that the government does not get title until there is a decree of forfeiture. For example, § 1604 instructs the Attorney General to institute proceedings in district court when "necessary" for the recovery of a forfeiture. If legal title vested in the government at the time of the illegal act, judicial forfeiture proceedings would never be "necessary."

There is also a common sense reason to support the view that the owner referred to is the owner at the time the forfeiture proceeding is begun. That is the owner whose title and possession will be displaced, so that is the owner who has an interest in the proceedings, and who should get notice. Former owners who have disposed of the property do not have an interest in it any longer, and are not entitled to notice.

Because we hold that title vests in the government on the date of a forfeiture decree and at that point relates back to the date of the act giving rise to forfeiture, the owner referred to in § 881(a)(7) is the person who holds title when the forfeiture

5

proceedings are instituted.

## CONCLUSION

For the foregoing reasons, the district court's decision granting summary judgment is

AFFIRMED.