**UNITED STATES of America**

v.

**7.6 ACRES OF LAND ON CHAPEL ROAD, BENNINGTON, VT.**

**Civ. No. 1:88CV2.**

United States District Court, D. Vermont.

Nov. 29, 1995.

---

Christopher Baril, U.S. Attorney's Office, Rutland, VT, for petitioner.

Peter W. Hall, Rutland, VT, Danforth Cardozo, VT Dep't of Taxes, Montpelier, VT, for respondent.

*RULING ON MOTION FOR SUMMARY JUDGMENT* (paper 34)

MURTHA, Chief Judge.

*Background*

As the party moving for summary judgment, the State of Vermont has the initial burden of informing the Court of the basis for its motion and of identifying those parts of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Latimer v. Smithkline and French Laboratories,* 919 F.2d 301, 303 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Where, as here, a motion for summary judgment is supported by affidavits and other documentary evidence, the party opposing that motion must set forth specific facts which show there is a genuine, material issue for trial. *See King Service, Inc. v. Gulf Oil Corp.,* 834 F.2d 290, 295 (2d Cir.1987). Accordingly, the Government must come forward with enough evidence to support a verdict in its favor. It cannot defeat the State's motion merely by presenting a metaphysical doubt, conjecture or surmise concerning the facts. *See Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Borthwick v. First Georgetown Securities, Inc.,* 892 F.2d 178, 181 (2d Cir.1989). Only disputes over facts which might affect the outcome of the suit under the governing law preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Upon review of the submissions of the parties, the Court finds the following undisputed facts. *See* Local Rule 5(c)(1)(B) ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controvert-

ed by the statement required to be served by the opposing party.")

George and Candace Rogers are the owners of 7.6 acres of land and appurtenances at 158 Chapel Road, Bennington, Vermont. During August and September of 1987, the Rogers manufactured and distributed, and possessed with the intent to manufacture and distribute, marijuana growing on their property in violation of 21 U.S.C. § 881(a)(1). *See generally* Government's Statement of Material Facts (paper 32); *State v. Rogers,* 161 Vt. 236, 638 A.2d 569 (1993).

In January 1988, the Government initiated this civil forfeiture proceeding pursuant to 21 U.S.C. § 881(a)(7). In this action, the Government seeks forfeiture of the Rogers' 7.6 acres of land. On April 13, 1989, the State of Vermont Department of Taxes filed a verified claim of a superior tax lien against the Rogers' property in an amount exceeding $62,000. *See* Verified Claim (paper 22); State's Motion for Summary Judgment (paper 34). Earlier this year, the Government settled its claim with the Rogers, thereby leaving unresolved the status of the State's tax lien. *See* Letter from Attorney Hall (paper 44).

The State's lien arises from assessments it made against the Rogers for outstanding Vermont personal income and sales and use tax. The State does not dispute the Government's assertion that its assessment is based on taxes the Rogers failed to pay on their illegal sales of marijuana. *See* Affidavit of Richard A. Unger (paper 47) at para. 4 ("These assessments were derived from 'interpretations' or evaluations by a State auditor(s) of written materials seized during a search of the Rogers' home and curtilage."); *see also State v. Rogers,* 638 A.2d at 571 (describing the State's August 1987 search of Rogers' residence). The State filed its lien in the Bennington land records on December 8, 1987. Therefore, the lien was filed prior to the commencement of the Government's forfeiture action. *See generally* State's Statement of Material Facts (paper 36).

### Discussion

■ Under 21 U.S.C. § 881(h), "[a]ll right, title, and interest in property [used in certain illegal acts] shall vest in the United States upon commission of the act giving rise to forfeiture under this section." "As a result of this 'relation back' of the forfeiture to the date of the illegal act, no third party can acquire a legally cognizable interest in a piece of property at any time after the date of the illegal act which serves as the basis of the forfeiture." *United States v. 10652 South Laramie, Oak–Lawn, Illinois,* 779 F.Supp. 952, 955 (N.D.Ill.1991). Here, the illegal acts occurred in August and September of 1987. The State filed its lien in December, 1987. Therefore, the State has not acquired a legally cognizable interest in the Rogers' property.

■ Nevertheless, the State contends that its lien takes priority over the interest of the United States under the rationale announced in *United States v. A Parcel of Land, Buildings, Appurtenances and Improvements Known as 92 Buena Vista Avenue,* 507 U.S. 111, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993). Under 21 U.S.C. § 881(a)(6) or 881(a)(7), the owner of property subject to forfeiture may assert an "innocent owner" defense. In *92 Buena Vista Avenue,* the Supreme Court held the "innocent owner" defense may be asserted before the "relation back" doctrine set forth in § 881(h) is applied. 507 U.S. at 128–29, 113 S.Ct. at 1137. However, one court has suggested the "owner" to which the forfeiture statutes refer "is the person who holds title when the forfeiture proceedings are instituted." *United States v. One Parcel of Land in the Name of Mikell,* 33 F.3d 11, 13 (5th Cir.1994); *cf. United States v. 1419 Mount Alto Road,* 830 F.Supp. 1476, 1479–80 (N.D.Ga.1993) ("Owner" is broadly interpreted to include legal or equitable interest.) Here, the State claims a tax lien. Under the clear language of the statute, the State is not an entity which has standing as an owner to contest this forfeiture.

■ Moreover, even assuming that the State has a sufficient ownership interest in the Rogers' property, the record leaves undisputed the fact that it is not an "innocent" owner. The State has the burden of proving "by a preponderance of the evidence, that the [illegal] activity on the property occurred

without [its] knowledge or, if [it] had knowledge of it, without [its] consent." *United States v. Two Parcels of Property Located at 19 and 25 Castle Street*, 31 F.3d 35, 39 (2d Cir.1994). Here, the State is attempting to assert a tax liability which specifically has arisen as a result of its knowledge of illegal activity on the property. Under these circumstances, the State cannot be considered an "innocent" owner.

### *Conclusion*

The State's Motion for Summary Judgment is DENIED.

Because it appears that all outstanding issues in this action have been resolved, the parties are instructed to inform the Court in writing on or before December 15, 1995 as to why the instant action should not be dismissed. Absent such notice, the Clerk is directed to close this file on December 18, 1995.

SO ORDERED.